# *Ex parte* Benj. F. Hodges.

## *Mandamus.*

1. *On a change of venue, the court must select the county.*—It concerns the public as well as individuals that all trials for offences shall be fair and impartial. On an application for a change of venue, the court must decide what is the nearest county free from objection.

BEFORE the Supreme Court.
THE facts are stated in the opinion.

ELLIS & MARTIN, for the petitioner.

MANNING, J. — Petitioner having been indicted for murder in Etowah county, made application for a change of venue—upon affidavit that he could not, for reasons set forth, obtain a fair and impartial trial in that county. He added to his affidavit the words: "St. Clair county is not free from like exceptions." The two other counties whose court-houses are nearest to that of Etowah, are Calhoun and Cherokee; that of Calhoun being nearer by about a mile. But the court was informed by affidavit that the State could not obtain a fair trial in Calhoun county. Whereupon it was ordered that the cause be removed for trial to the Circuit Court of Cherokee. To this ruling petitioner excepted, and prays this court by writ of *mandamus;* to order that the cause be removed into the Circuit Court of Calhoun county.

It concerns the public of the State as well as individuals that all prosecutions shall be fair and impartial without injustice or prejudice to either party. A judge who did not so exercise his office as to endeavor to produce this effect, would fail in his duty. The law says the trial must be removed to the nearest county free from exception; that is, free from obstacles to a fair and impartial trial. It is left to the judge to whom the application is made to decide what is the nearest county free from such an exception.

The writ of *mandamus* is refused.