THE STATE *ex rel.* VICKERY v. WOFFORD, Judge.

Division Two, January 6, 1894.

119  375
86a 258
86a 262

1. **Criminal Law:** CHANGE OF VENUE: STATUTE. The removal of a criminal cause from Kansas City to the city of Independence in the same county, under Revised Statutes, 1889, p. 2207, sec. 13, on affidavit that the defendant cannot have a fair trial because of the prejudice of the inhabitants of the city where the action is pending is a change of venue within the statutory prohibition against a second change of venue.

2. ———: ———. The foregoing interpretation of the statute does not deny to defendant a right permitted to other defendants indicted for felonies, as he could have asked a change of venue from the county and obtained it on the same proofs whereby he obtained a removal to Independence.

*Mandamus.*

WRIT DENIED.

*R. S. Latshaw* for relator.

· (1)   The trial court had no option, and no discretion, to grant or refuse a change of venue. Upon filing of the proper affidavits, the duty of the judge to grant the change of venue was ministerial, not judicial. R. S. 1889, secs. 4152, 4153, 4154, 4155, 4156. The statute has been changed since decisions were rendered in *Ex parte Chambers,* 10 Mo. App. 240; *State v. O'Rourke,* 55 Mo. 440; *State v. Garesche,* 65 Mo. 480, at which times the application for a change was addressed to the trial court as a *judicial* question. R. S. 1879, sec. 1859. *Ex parte Chambers, supra.* Since the amendment, the right to a change of venue is absolute. *State v. Turlington,* 102 Mo. 642. (2)   *Mandamus* is the proper remedy. *State ex rel. English v. Normile,* 108 Mo. 121; *People v. Swift,* 59 Mich. 529; *State v. Laughlin,* 75 Mo. 358; *Ex parte Chase,* 43 Ala. 303, cited in 3 Am. and Eng. Encyclopedia of Law, p. 91; *State v. McArthur,* 13 Wis. 454. (3)   The criminal court of Jackson county meets at both Kansas City and Independence. It has at both places the same judge and officers of the court, and the jury is drawn from the same wheel. 2 R. S. 1889, p. 2207. (4)   Any person indicted for felony may have a removal of his cause from Kansas City to Independence upon application, accompanied by his affidavit, that a fair trial cannot be had on account of the prejudice in the minds of the people against him in the city where the cause is pending. 2 R. S. 1889, p. 2207, sec. 13.

*J. W. Beebe* also for relator.

A transfer of a cause from Independence to Kansas City is not a change of venue. Wharton's Dic. Law, title, Venue; 1 Bish., Crim. Proc. [3 Ed], 68. The word venue is said to be derived from the Norman-French *visue*, because in ancient times, the jury was impaneled from the *vile* or hundred, where the cause of action arose. Co. Litt. 1250; 1 Smith's Lead. Cases, 692. In civil cases it has been uniformly held that the word venue means the county where the suit is brought. *Kerr v. Bank*, I. S. (N. J.) 1363; *Abrams v. Wood*, 1 South. (N. J.) 30; *Bernard v. Wheeler*, 3 How. Prac. 71; *Moore v. Gardner*, 5 How. Prac. 243; *Hinchman v. Butler*, 7 How. Prac. 462; *Mildrum v. Sarvis*, 1 Coxe (N. J.) 203; *Ward v. Holmes*, 2 Halsted (N. J.) 171; *Dennis v. Ford*, 2 Halsted (N. J.) 202; *Worley v. Scudder*, 5 Halsted, 231; *Brittian v. Peabody*, 4 Hill. 61, and cases cited; *State ex rel. v. O'Bryan*, 102 Mo. 254.

*R. F. Walker*, Attorney General, *Morton Jourdan*, Assistant Attorney General, and *M. K. Brown*, Prosecuting Attorney, for respondent.

(1) The courts at Independence and Kansas City are separate and distinct ones, as much so as if there was a different judge and set of officers at each place. (2) The statute provides that "in no case shall a second removal for any cause be allowed." R. S. 1889, sec. 4163. Defendant's first application removed the cause from the court at Kansas City to the one at Independence, a removal which could be had only on his application and one which the statute designates a "change of venue." Laws, 1881, p. 119; *State v. Buck*, 108 Mo. 622; R. S. 1889, secs. 4153–4156. (3) When

relator filed his application for a change of venue to Independence, he himself determined to what place it should be sent. The court had no discretion, and could not have sent the cause anywhere else. *State v. Gabriel,* 88 Mo. 631; *State v. Turlington,* 102 Mo. 642. (4) "The right to a change of venue is entirely a statutory regulation. Unless some authority be given by the statute for the change, none existed." *State v. Sanders,* 106 Mo. 194; *State v. Gabriel,* 88 Mo. 635. (5) The statute conferring upon a defendant the right to a change of venue is not a constitutional, but purely a statutory right. The statute conferring such right is to be strictly construed and literally followed. The statute is not to be enlarged upon, nor can it be extended by implication in any way. To give the court to which a cause is removed jurisdiction, the statute authorizing the removal must be literally complied with; nor can a defendant avail himself of the privileges of the statute in any manner except by a strict, absolute and literal compliance with its exact terms and requirements. Nothing will be presumed in his favor. *State v. Grable,* 46 Mo. 351; *State v. Lawther,* 65 Mo. 454; *State v. Burns,* 54 Mo. 274; *State v. Buck,* 108 Mo. 622; *State v. Gleason,* 88 Mo. 582; *State v. Sanders,* 106 Mo. 194; *State v. Gabriel,* 88 Mo. 631; *State v. Anderson,* 96 Mo. 247.

GANTT, P. J.—At the September term, 1893, of the criminal court of Jackson county, at Kansas City, the relator, Horace N. Vickery, was indicted for embezzlement and was duly arraigned. He then filed his affidavit, supported by the affidavits of two others, averring prejudice in the minds of the inhabitants of Kansas City against him and asked for a change of venue to Independence in said county, under and by virtue of section 13 of the special act creating said court. R.

S. 1889, p. 2207. The change was granted, and the cause promptly removed to Independence.

At the November term, 1893, of the said court at Independence, the relator filed his petition and affidavit for a change of venue from Jackson county, which petition and affidavit were sufficient in form, and were supported by the affidavits, in proper form, of two credible, disinterested citizens of Jackson county, after reasonable notice to the prosecuting attorney. The court refused to grant the change from Jackson county on the ground that defendant had already had the cause removed from Kansas City to Independence, and under Revised Statutes, 1889, section 4153, had no right to another removal of it. Relator now seeks by *mandamus* to compel the court to grant him another and second change of venue, and asks for a change of venue from Jackson county.

The criminal court of Jackson county was created by an act of the legislature of 1871. Laws of 1871, p. 110. By the thirteenth section of that act, as amended February 8, 1872 (Laws of 1872, p. 282), it was provided that any person under indictment in the criminal court of said county for the crime of felony shall be entitled to have his trial removed from the city of Kansas to the city of Independence, or from the city of Independence to the city of Kansas, in the same court, upon application, accompanied by his affidavit, that a fair trial can not be had on account of the prejudice in the minds of the people against him in the city where the cause is pending.

In 1881, an act was passed, which, by its terms, included "all counties wherein terms of the criminal court were held at more places than one" and required that all applications for change of venue from such places to another should be governed by the same rules "as to practice and proof as was prescribed by the

Revised Statutes of 1879 for changes of venue in crimi-
nal causes from one county or circuit to another."
Act of 1881, p. 119.

Under the various sections of the revision of 1879,
a change of venue could be obtained by proving to
the satisfaction of the court that a fair trial could
not be had in the county where the indictment was
found. Secs. 1856–1861 *et seq.*, R. S. 1879.

By the revision of 1889, section 4156, the general
law on the subject was again amended so that if a
defendant files his petition setting forth the facts enti-
tling him to a change of venue, supported by his own
affidavit and the affidavits of two or more credible, dis-
interested citizens of the county, and shall give the
prosecuting attorney reasonable notice of his applica-
tion, he is entitled without, further proof, to a change
of venue.

By section 4153, these general provisions apply to
Jackson county. Beyond all cavil, the legislature
intended to require the same proceedings to obtain a
removal of a criminal cause from one place to another
in the same county, that were exacted to procure a change
of venue from one county or circuit to another, and
to harmonize the practice throughout the state. The
unnecessary expense and delay caused by these removals
was the underlying reason for the adoption of the law of
1881, *supra.*

Two reasons are urged why the defendant is enti-
tled to this second removal:

*First.* It is said, that the purpose of the act of 1881
was merely to require notice to the prosecuting attor-
ney of the application, and that this was the sole pur-
pose of that act. This is quite ingenious, but the sim-
ple reading of the title of that act, the act itself and the
emergency clause will refute this position so fully
that it is not necessary to discuss it further. Its pur-

pose was to subject these applications in these counties having special criminal courts to the general practice, not only as to notice, but *the proof* required.

The *next* suggestion is, that the removal of a cause from Kansas City to Independence or *vice versa*, is not a change of venue in the meaning of the law, and to deny defendant a change of venue from the county, would be to deny him a privilege or right accorded to all persons charged with felony in other counties not having a criminal court that meets in two places.

By section 4163, Revised Statutes, 1889, a second removal of the cause is prohibited in any case. Much space is given in the briefs in behalf of relator to show that "venue" means "the county," and that therefore the removal from one city to another in the same county could not be intended for a change of venue, and of course if this view is taken, the statute against a second change of venue would not apply to this case.

A change of venue is not a constitutional right. It is entirely competent for the legislature to provide the terms upon which a change, if any, shall be granted. And it is evident that the legislature has used the words "change of venue" and "removal of a cause," in these statutes as interchangeable, and of the same significance. Thus in the act of 1881, in the first section, it denominates it "*a change of venue in criminal cases from one place to another*" in the same county, and in the third section it is termed "the removal of a cause in criminal cases from one court to another in the same county." See section 4153, R. S. 1889.

In the revision of 1889, in section 4154, it is called "a removal from one circuit," and in section 4156, it is denominated both "a change of venue," and "a removal of the cause," each expression clearly referring to the same proceeding. So that whatever technical significance the word "venue" had at one time, it can

throw little or no light on these statutes, because the legislature has not used it, but chose the expression, "the removal of causes," and declared that "in no case shall a second removal of any cause be allowed." That those words were ample to include a change of venue from a circuit or county, is not questioned, nor is there any good reason for saying they do not include, as well, a removal from one place in a county to another.

The question then is, does the statute, so construed, deny relator a right vouchsafed to persons charged with felony in other counties. Clearly not. The relator could have asked a change of venue from Jackson county, and obtained it upon the same proofs, that he obtained a removal to Independence. Instead of being denied a right accorded to defendants in other counties, he has an advantage. He had the alternative of choosing between a change in, and a change from, the county, whereas a defendant in a county, with only one place for holding criminal court, is restricted to a change from the county.

His case, now that he has obtained a removal in the county, is similar to that of a defendant who has obtained a change from one county to another in the same circuit, and is not satisfied but desires a change from the circuit; but in neither case does the statute award him a second removal on account of the prejudice of the inhabitants thereof. The case of State v. Hayes, 81 Mo. 586, is wholly dissimilar to this. In that case, the contention was that it was not competent for the judge of the criminal court of St. Louis to call in a judge of a circuit out of the city to pass upon defendant's application for a change of venue and upon a comparison of the various acts affecting that court, it was held that the provisions of the general law in relation to changes of venue applied to applications in that court and arguendo, it was said to hold otherwise would

render the special acts obnoxious to the fourteenth amendment of the constitution of the United States which forbids that any state "deny to any person the equal protection of the laws." The relator has had one removal, the one of his choice.

When he made his election, he exhausted his statutory privilege to a removal and the criminal court properly so ruled, and the writ of *mandamus* is accordingly denied. All concur.