GEE, *Appellant*, v. ST. LOUIS RAILWAY COMPANY.

Division One, June 22, 1897.

1. **Change of Venue**: APPEARANCE AFTER DENIAL OF APPLICATION. Appellant applied for change of venue to another circuit, alleging undue influence over the inhabitants of St. Louis county and city, and respondent denied the affidavit by a counter one denying that any such undue influence existed in St. Louis county. The circuit court of the city of St. Louis, in which the application was pending, sent the case to St. Louis county circuit court, where appellant appeared, and the cause was tried. *Held*, that such appearance by appellant did not preclude him from charging in this court error in the proceeding by which the change of venue was made; *held*, also, that the proper course to pursue in order to raise the point for review in the appellate court was by saving his exception at the time the change was made by bill filed in the court making the change.

2. ———: PEREMPTORY STATUTE: CHANGE TO WHAT COUNTY: FINDING OF FACT. Sections 2258 and 2262, Revised Statutes 1889, are peremptory in awarding the applicant a change of venue to some other county, if in his affidavit he alleges that "the opposite party has an undue influence over the inhabitants of the county" in which the suit is then pending. But the affidavit of the applicant may not be sufficient to show that the causes do or do not exist in such other county, or in any other county, and the trial judge must satisfy himself that such causes do not exist in the county to which the change is made, and in doing that he may consider the affidavit of the applicant and of the opposite party or other evidence, and his finding, being one of fact, will not be disturbed if there is evidence to support it.

*Appeal from St. Louis County Circuit Court.*—Hon. Rudolph Hirzel, Judge.

Affirmed.

*Sterling P. Bond* for appellant.

(1)   The statute granting the right of change of venue on account of the undue influence of the opposite party, where the application is sufficient, is mandatory and peremptory.   R. S. 1889, sec. 2262; *Dowling v. Allen & Co.*, 88 Mo. 299; *Railroad v. Fowler,* 113 Mo. 469; *McGee et al. v. Porter*, 14 Mo. 614.   (2) Courts are not bound to consult the convenience of attorneys in making change of venue.   The courts must send the case to some county where the causes complained of do not exist, as convenient as may be to the opposite party.   *Dunklin County v. Clark et al.*, 57 Mo. 60; *The State v. Simmons*, 124 Mo. 445.   (3) It was error to permit respondent to controvert facts alleged in application for change of venue.   *Dowling v. Allen & Co.*, 88 Mo. 293, 299.   (4) Exception must be saved at the time and in the court awarding change of venue.   *Stearns v. Railroad*, 94 Mo. 321; *Keen v. Schnedler*, 92 Mo. 524, 525; *Squires v. Chillicothe*, 89 Mo. 232.

*Smith P. Galt* for respondent.

(1)   The circuit court of the city of St. Louis did not err in sending the case on change of venue to St. Louis county, as the suit was pending in the circuit court of the city of St. Louis.   For the purposes of a change of venue, the only question involved was the facts as to whether or not the defendant had an undue influence over the inhabitants of the city of St. Louis, because under section 2258 of the Revised Statutes of

1889, the third ground for a change of venue is, "that the opposite party has an undue influence over the inhabitants of the county," and there is no authority in the statutes which authorizes the applicant for a change of venue to put into his unconscionable affidavit all the other counties in the circuit in which the suit is pending, and all the other counties in an adjoining circuit, except such county or counties which the applicant may reserve as the county to which he desires the case to be removed, for his special purposes. R. S. 1889, secs. 2261 and 2258; *Moore v. Railroad*, 51 Mo. App. 504; *Fields v. Maloney*, 78 Mo. 172; *State ex rel. v. Springer*, 45 Mo. App. 252; *Stearns v. Railroad*, 94 Mo. 317; *Hembree v. Campbell*, 8 Mo. 572; *Powers v. Browder*, 13 Mo. 154; *Chouteau v. Allen*, 70 Mo. 290.

MACFARLANE, J.—This is an action for damages for personal injuries suffered by plaintiff on account of the alleged negligence of defendant. The answer is a general denial and contributory negligence.

The action was brought in the June term of the St. Louis circuit court, 1893. On the thirtieth of October, 1893, the appellant filed his application for change of venue in proper form upon the ground "that the defendant has an undue influence over the inhabitants of said city of St. Louis, and an undue influence over the inhabitants of St. Louis county, and that he has just cause to believe that he can not have a fair trial, either in said city of St. Louis or said St. Louis county, on account of the causes alleged."

Respondent, on the thirty-first of October, 1893, filed a counter-affidavit, which was sworn to by respondent's counsel, in which it states "that the defendant does not operate its railroad, and has no property in the county of St. Louis, nor do any of its officers

reside therein, nor have they ever resided therein, nor has the defendant any interests in said county; and affiant further says that the defendant has not now, and never has had, an undue influence over the inhabitants of said county; and affiant for the defendant says that said county of St. Louis is the most convenient to said defendant for the trial of said cause, and any other county in said adjoining circuit of the city of St. Louis will be very inconvenient to said defendant.''

The circuit court of the city of St. Louis ordered a change of venue to St. Louis county and plaintiff excepted and filed its bill of exceptions in said court. The case was tried in the St. Louis county circuit court and resulted in a verdict and judgment for defendant and plaintiff appealed.

The sole error assigned is the ruling of the court in awarding a change of venue to St. Louis county.

I.   Defendant makes the point here that the appearance of plaintiff in the circuit court of St. Louis county was a waiver of all irregularities in granting the change of venue. It is said, the court having jurisdiction of the subject-matter, the appearance of all the parties gave it jurisdiction to hear and determine the cause. But we are not now dealing with the question of jurisdiction but with that of error in the proceeding by which the change of venue was made. Plaintiff objected, in the St. Louis circuit court, to the order sending the case to St. Louis county, on the ground that the same cause existed there as existed in the city of St. Louis.  To the ruling of the court he saved his exception, at the time, by bill filed in said court. In our opinion the course adopted was the proper one to pursue in order to save the point for review in this court. *Squires v. Chillicothe*, 89 Mo. 226; *Keen v. Schnedler*, 92 Mo. 525; *Stearns v. Railroad*, 94 Mo. 321.

II.   A party is entitled to a change of venue from the county, in which the suit is pending for certain specified causes, the fourth of which is, "that the opposite party has an undue influence over the inhabitants of the county." R. S. 1889, sec. 2258.  If the application is found sufficient, a change of venue "shall be awarded to some county in the same or adjoining circuit where the cause or causes complained of do not exist, as convenient as may be to the opposite party." R. S. 1889, sec. 2262.

The sections are peremptory, and if the petition is sufficient in form and substance, as it is in this case, the change of venue must be awarded.  The application, duly verified, furnishes evidence which is conclusive upon the court as to the existence of the causes in that county.  *Dowling v. Allen & Co.*, 88 Mo. 300; *Mix v. Kepner*, 81 Mo. 96; *Railroad v. Fowler*, 113 Mo. 469.

III.   But the statute nowhere requires the party applying for a change of venue to state the existence or non-existence of causes in other counties than the one in which the action is pending.  The court is required to send the case to some other county where the cause does not exist.  Of the fact of the non-existence of the cause the judge must satisfy himself.  To that fact the affidavit of the applicant is not conclusive.  *State ex rel. v. Wofford*, 119 Mo. 408.

The court in this case received the affidavit of the attorney of defendant as evidence that the cause, upon which the change of venue was asked, did not exist in the county of St. Louis.

Upon consideration of the evidence thus before it the court concluded, as a fact, that the cause did not exist in that county.  The finding is supported by the evidence and is conclusive upon us.  The judgment is therefore affirmed.  BARCLAY, C. J., ROBINSON and BRACE, JJ., concur.