THE STATE OF MISSOURI ex rel. HALLIE S. HANNON et al., Relators, v. ARCHILAUS M. WOODSON et al., JUDGES, ETC., Respondents.

Kansas City Court of Appeals, December 17, 1900.

1. **Trial Practice: CHANGE OF VENUE: DISQUALIFYING JUDGE.** An applicant for a change of venue can only as a matter of right disqualify the judge before whom his case is pending. The power in the first instance to disqualify another judge of the same or another court lies solely with the judge to whom the application is made, and this too, though the disqualification is alleged in the application.

2. ———: ———: UNDUE INFLUENCE: SECOND CHANGE. An application for a change of venue was presented to division one of the circuit court alleging the undue influence of the opposite party over the judge and also over the judge of division two. The application was granted and the cause sent to division two. Held, the judge of division two properly refused to change the venue from himself on account of the alleged undue influence, since a party can have but one change of venue for such cause.

3. ———: ———: DIFFERENT CLASSES: NUMBER OF CHANGES. The statute divides causes for change of venue from a judge into two classes. Section 818 permits but one change of venue to either party on account of prejudice. Section 819 directs

State ex rel. v. Woodson.

the judge to transfer the cause without application if he be related to either party, interested in the cause or has been of counsel, and for these causes there may be as many changes of venue as shall be necessary to find a proper judge. The applicant has a peremptory right to a change on his mere affidavit for the first class; but the second class depends on the fact and is not concluded by·the affidavit.

4. ———: ———: SAME COURT: OTHER COURT. The phrase "change of place of trial" may be used interchangeably with "change of venue," as may also the phrase "removal of a cause;" and so a change of venue may be granted from one judge of a court to another judge of the same court and does not have to be sent to another court.

5. Change of Venue: UNDUE INFLUENCE OF THE JUDGES: FINDING. An application for a change of venue alleged the prejudice of both judges of the court. The judge before whom the case was pending transferred the case to the other judge of the court. Held, the mere sustaining of the application did not necessarily find as true every allegation therein, but only enough to authorize the change.

*Original Proceedings by Mandamus.*

WRIT DENIED.

*Crow & Eastin* and *Vinton Pike* for relators.

(1) The respondents were without any discretion in the matter. The record establishes the fact of relators' right to a change of venue. In such case the remedy by *mandamus* is clear. State ex rel. v. Higgins, 76 Mo. App. 328. The court has exercised its discretion. Gee v. Railway, 140 Mo. 314. It has adjudged the application sufficient; there is nothing to be done but to grant the change. State ex rel. v. O'Bryan, 102 Mo. 259; State ex rel. v. Wofford, 119 Mo. 375; 68 Tex. 494. (2) The object of the statute allowing change of venue ·is to insure parties a trial

before an impartial and unbiased judge and is to have a liberal construction to that end. 4 Ency. Pld. and Prac. 410; Railway v. Perkins, 125 Ill. 127; Myers v. Walker, 31 Ill. 358; Paige v. Carroll, 61 Cal. 216; Upton v. Upton, 94 Cal. 26. This is not a case wherein a change of venue has been erroneously granted. No change has been granted. Stearns v. Railway, 94 Mo. 317, is of the former description. Bank v. Graham, 147 Mo. 250; Ewing v. Brooks, 69 Mo. 49.

*O. M. Spencer, Huston & Brewster* and *Benj. J. Woodson* for respondents.

(1) Division number one, presided over by Judge Woodson, had complete and full jurisdiction of the subject-matter of the suit and of the parties thereto. It had power to award a change of forum and its order transferring the case to division number two, and whether right or wrong, is not a nullity—it is at most mere error and can be corrected only by appeal or writ of error. It can not be reached by *mandamus*. Stearns v. Railroad, 94 Mo. 317; State ex rel. v. McKee, 150 Mo. 233; loc. cit. par. 5, p. 243, 244; State v. Gamble, 119 Mo. 427; loc. cit. par. 1, commencing on p. 430; Keen v. Schnedler, 92 Mo. 516; Klotz v. Perteet, 101 Mo. 217; Finlay v. Gill, 80 Mo. App. 458. (2) But even if the court could consider the action of the judges of the lower court from the point of view of mere error, it can well be sustained. It is in no sense the purpose of the law to permit conscienceless litigants to embarrass justice by expensive impediments. It gives them a right to one change of the triers of the fact or one change of judge. The law nowhere provides for a change of forum on account of a court. State ex rel. Wofford, 119 Mo. 408; State v. Headrick, 149 Mo. 403; State v. Greenwade, 72 Mo. 298, loc.

cit. 304; Barnes v. McMullins, 78 Mo. 260; Parker v. Zeisler, 139 Mo. 298. (3) Even if the affidavit filed in Judge James' court, entitled "the relators to a change of forum," yet the overruling of that application can not be corrected by *mandamus*. Such errors or any other errors can only be corrected by appeal or writ of error. "The granting or refusing a change of venue may be erroneous; but the party in such case is remedied by appeal or writ of error and *mandamus* does not lie in such case." State ex rel. v. McKee, 150 Mo. 244; Ex parte B. M. Chambers, 10 Mo. App. 240.

ELLISON, J.—This is a proceeding by *mandamus* against respondents as Judges of the Buchanan Circuit Court. An alternative writ was issued to which respondents made return, whereupon relators filed a demurrer thereto and asked a peremptory writ. The following is the substance of the allegations in the alternative writ:

William P. Graham and Harry M. Tootle were appointed receivers of the Phoenix Loan Association by the circuit court of Buchanan county, and as such receivers they brought an action against relators on a bond for $1,067.43 alleged to have been executed by relators. The circuit court of Buchanan county is composed of two divisions, presided over by separate judges (Session Acts 1889, p. 73) and the cause aforesaid was assigned to and docketed in division number one presided over by respondent Woodson; division number two being presided over by respondent James. Afterwards, relators filed their application for a change of venue on the ground that Judge Woodson was related to one of the plaintiffs and that the opposite party had an undue influence over his mind; and that the same

causes existed as to Judge James; that in consequence of which they could not have a fair trial before the judge of either division of said court.   Judge Woodson sustained the application and ordered the cause transferred to division number two, presided over by Judge James.   Relators appeared before Judge James and again applied for a change of venue.   The application was denied.

The substance of the relators' return is a practical admission of the matters just set forth and was demurred to by relators, as before stated.   Relators contend that their application for change of venue disqualified both judges and made it mandatory that the case should be sent to some other court.   The right to a change of venue is purely statutory (State v. Headrick, 149 Mo. 403), and litigants can only look to the statute for any right to remove their actions from a judge who  is disqualified by prejudice or otherwise.

The law nowhere authorizes a party in making his affidavit of disqualification of the judge before whom his case is pending to disqualify any other judge arbitrarily, as a matter of right.   It is true that the statute (section 822, Revised Statutes 1899) requires the judge to whom the application is made to transfer the case to a place "where the causes complained of do not exist."   But those words are a command to the judge and call for his discretion or judgment.   Ex parte Hodges, 59 Ala. 305.   They do not confer an arbitrary right on the applicant to disqualify another judge.   The power to disqualify another judge lies with the judge to whom the application is made, or the other judge when the case reaches him.   And while the party may allege the disqualification of another judge in his application, the allegation will be determined in the first instance

Vol 86 app—17

State ex rel. v. Woodson.

by the judge before whom it is made. As to himself, the judge has no other alternative than to accept the belief (supported by affidavit) of the applicant of prejudice or undue influence, but as to any other judge or judges included, he is not bound to accept such belief.

We think the foregoing view of the statute finds support in cases decided by our supreme court which are analogous. In State v. Greenwade, 72 Mo. 298, the defendant, by his application for change of venue, disqualified the regular judge of the court in which the indictment was pending, and the judge of another court was called in to try the cause. It was held that the defendant could not obtain another change—that he could not disqualify the latter judge. In Gee v. Railway, 140 Mo. 318, it was held that the applicant could not disqualify a county other than the one in which the action is pending. In State ex rel. v. Wofford, 119 Mo. 408, it was held that the defendant could not disqualify any other circuit than the one in which his indictment was pending. It will be a matter of interest to note that in that case the criminal statute (section 2574, Revised Statutes 1899) directs the judge (or court) to whom the application is made on account of prejudice of inhabitants, to send the cause to "another circuit in which such prejudice is not alleged to exist;" while the statute applicable to this case is quite different and, as we have seen, directs the case to be sent where the causes complained of do not exist. Yet the word "*alleged*" was not allowed to permit the defendant to disqualify other circuits and the case was sent to a circuit where the prejudice complained of *was* alleged to exist. We thus refer to that case not in criticism, but to show the length the courts are willing to go in restricting the frequent abuse made of the statute on changes of venue.

It follows that if a party has no peremptory right to disqualify another judge, Judge Woodson did not err in refusing to recognize a peremptory right in relators to disqualify Judge James. And Judge James in refusing to change the venue from himself on account of undue influence of the opposite party was only enforcing the plain terms of the statute, for it is there enacted that a party can have but one change of venue (section 818, Revised Statutes 1899).

But, as we stated in the outset, the application included an allegation that both judges were related to one of the parties plaintiff. This makes it necessary for us to construe sections 818 and 819 of the statute. The statute really divides the causes for a change of venue from a judge into two classes. Section 818, Revised Statutes, 1899, declares that there can be but one change of venue granted each party. That means that there can be but one change on account of prejudice against, or for, either party. The section must be construed with section 819, next following. By the latter section, if the judge is related to either party, or is interested in the case, or has been counsel for either party, he must transfer the case without application. For these causes there may be as many changes of venue as may be necessary to find a judge who is not interested or of counsel in the case, or related to either party. Thus, it was held in State v. Gates, 20 Mo. 401, that notwithstanding the statute permitted but one change of venue, yet where the judge before whom the case was sent had been of counsel he was authorized to order another change.

The change for these causes *is not a change granted to a party*: these are causes which the judge must act upon without application and affidavit of either party. Section

818 in declaring that there shall be but one change of venue granted to each party, refers to another class of causes, viz.: prejudice against the applicant, or for the other party. For these causes, or either of them, the applicant has a *peremptory* right to a change on his mere affidavit in proper form; and for these causes there can be but one change. But the second class (referred to in section 819) are causes depending on the fact and are not concluded by the affidavit of the applicant. They may be questioned.

It seems clear that the statute does not intend that a party may have a peremptory right to a change of venue for either of the causes in the latter class. If there is joined with them causes of the first class, that, of course, would make the change peremptory. But for either or all of the causes of the second class alone the statute, as we have just stated, seems not to contemplate an application. It reads that the court shall order the change for those causes "without any application." If the court should be unaware of the existence of the cause or causes in the second class, it would be proper for a party to call its attention to them, but this need not be by an application supported by affidavit, as is required for a change as a peremptory right. The causes of the first class are clearly distinguished from those of the second, and ample reason exists for allowing the first as a peremptory right and the second only on the ascertainment of the fact. The first class consists of prejudice against one party, or in favor of the other party. Now, prejudice is a state or condition of mind and is rarely susceptible of proof. While causes of the latter class—relationship, interest in the case, or employment as counsel—are tangible, are matters of substance and of fact, which may be shown by evidence. A mere suspicion of prejudice will grow into distrust and belief. The law gives to the

litigant an absolute and peremptory right to get without the power of a judge against whom he entertains such belief. This is thought to be best for the due order and satisfactory administration of justice. But what reason can there be for allowing a change of venue based on the mere false assertion that the judge is a brother of the opposite party when in point of fact the evidence is at hand to show that he is in no wise related; or that he has been of counsel; or is interested. These things (when not conceded) are susceptible of easy proof.

If, therefore the applicant should allege causes of the second class against the judge before whom the cause is pending he should inquire into the fact if evidence was offered by the applicant, or decide it on his own knowledge if, as in this case, none was offered. And if the applicant should allege causes in both classes against any other judge, the judge to whom the application is addressed should hear evidence, if offered, and ascertain the fact. In this way the court fills the requirement of the statute to send the case to some judge "where the causes complained of do not exist." See Gee v. Railway, *supra*.

If any of the causes of the second class (section 819) should exist against a judge to whom the case has been transferred, it would be his duty under that section to transfer it, on his own knowledge, to some other judge; or if the causes were not known to him, it would be his duty to hear evidence and ascertain the fact. But here, as before stated, no evidence was offered by relators at any time. Indeed, relators' case is based upon the idea that their affidavit for a change of venue was *ipso facto*, sufficient to compel the change from both of the judges for either of the causes alleged. This idea we have endeavored to show is erroneous.

The question then remains whether, when a change of venue is granted in the Buchanan Circuit Court, the case must be sent to some other court, or to the other judge of the same court? Relators insist that it must go to some other court. Venue means place—whether it be the neighborhood, the county or other point, depends on the connection in which it is used. As applied to trials it means, the place of trial. The phrase "change of place of trial," may be used interchangeably with "change of venue." Moore v. Gardner, 7 How. Pr. 243. And so may the phrase "removal of a cause." State ex rel. v. Wofford, 119 Mo. 375. The venue of the case against these relators was division number one of the Buchanan Circuit Court and a change of venue or of place, is had by a transfer of the case to division number two of the same court. It is not even true that the general statute relating to changes of venue from the judge, though considered alone, contemplates that when a change of venue is granted it means a change to another court. It means another judge who may, or may not, be another court. In State ex rel. v. Wofford, 119 Mo. 375, it was held that a change of venue did not necessarily mean from one county to another, but could be from one city or town to another in the same county. And when we consider the general statute in connection with the statute providing for more than one judge of the same court, it becomes clear that there is no reason for holding that a change of venue means a change from the court. The object is to obtain an impartial judge and to that end the statute allows either party, of his own right, on account of prejudice or undue influence, to object peremptorily to one judge: that is, to the judge before whom his case is pending. So far as the arbitrary privilege of a party is concerned, the other judge or judges of the same court remain qualified, since a party

himself has not the power to disqualify them. If they are qualified, in the opinion of the court, why transfer the case to some other court? There is no reason why it should be done.

We are cited by relators to the cases of Railroad v. Perkins, 125 Ill. 127, and Meyers v. Walker, 31 Ill. 353. But we think those cases tend to support our conclusion. We have not the Illinois statute before us, but those cases, we concede, indicate that an arbitrary objection may be made to more than one judge, which we have seen can not be done here. But they hold that where there is more than one judge of the same court and any one of them is not disqualified, an application for change of venue should be overruled. That the rule ceased with the reason for it and therefore the statute should not be interpreted to mean that a case should be sent to another court.

But a part of relators' insistence is that since Judge Woodson sustained their application, and since they alleged therein matter showing Judge James was disqualified, he necessarily found that to be a fact, and therefore should not have transferred the case to Judge James. We are, however, of the opinion that the mere sustaining the application does not necessarily sustain or find as true every allegation therein. Sustaining the application finds only that enough has been alleged to authorize the change.

From the foregoing it is clear that relators on their own showing are not entitled to a peremptory writ and it will be denied. All concur.