W. ALBERT SWASEY, Appellant, v. JAMES G. DOYLE and AMERICAN BONDING & TRUST COMPANY, Respondents.

St. Louis Court of Appeals, April 23, 1901.

Petition Insufficient: ACTION ON BUILDER'S BOND: CHANGE OF BUILDER'S CONTRACT. The petition avers that defendant Doyle deducted one thousand dollars from the price he was to receive on account of using old brick, and on account of plaintiff inducing the pressed brick company to cheapen the price of the brick which it let Doyle have to use in the work. These changes amounted to a new arrangement or a new contract, and were not contemplated or authorized by that provision of the contract allowing plaintiff to change

the plan, form and construction of the work with a reduction from the original price on account thereof, and as the petition showed upon its face this substitution of a new contract for the original, to the disadvantage of the surety, the demurrer was properly sustained.

Appeal from St. Louis City Circuit Court.—*Hon. Pembrook R. Flitcraft,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

This is an action on a builder's bond. The American Bonding and Trust Company, the surety on the bond, filed a separate demurrer to the petition, assigning as grounds of demurrer that the allegations showed affirmatively that the plaintiff had no cause of action against it. The petition is as follows:

"Plaintiff, for his second amended petition, states that defendant, the American Bonding and Trust Company, of Baltimore City, is a corporation duly organized under the laws of the State of Maryland, and by such laws authorized to become sole surety on bonds; that on the second day of January, 1897, plaintiff, as owner, and defendant James G. Doyle, entered into articles of agreement in writing, executed by both parties, and herewith filed and made a part hereof, marked 'Exhibit B.', whereby in consideration of the sum of fifty-three hundred and eighty dollars, to be paid by plaintiff to said defendant, James G. Doyle, the latter covenanted to make, erect and finish all brickwork, including materials and labor for two apartment houses at the northwest corner of Newstead and McPherson avenues, in the city of St. Louis, in accordance with drawings, plans, elevations and specifications furnished by the plaintiff as architect; that by said articles of agreement defendant, James

G. Doyle, bound himself, at his own cost and charges, to provide and deliver all and every kind of material, of good and sound quality, together with all scaffolding, tackles, tools, matters and things, labor, and all cartage which might be necessary for the due and proper completion of said contract, in accordance with the plans and specifications or detail drawings; that said articles further provided that the plaintiff should be at liberty to make any deviation from, or alteration in, the plan, form or construction of said work, without invalidating or rendering void said articles, and that in case of any difference in the expense, an addition to, or abatement from, the contract price, should be made; that the plaintiff should have full power to reject the whole or any part of said work or materials, which should not, in his opinion, be in strict accordance with the letter and spirit of said articles, and that if by reason of any act or deed of said James G. Doyle, the plaintiff should be led to believe that the erection or completion of said work was being retarded or delayed the plaintiff should have full power and lawful authority to furnish any such work or materials as he might deem necessary to facilitate the completion of said work, and that the cost and expense thereof should be borne by said James G. Doyle; that in and by said articles, defendant Doyle further agreed to furnish and lay any glazed brick for fireplaces at the rate of thirty dollars per thousand which he might be directed to furnish and lay by plaintiff, although such glazed brick were not mentioned or called for in the specification.

"Plaintiff further states that at the time said articles of agreement were entered into by plaintiff and defendant, James G. Doyle, it was agreed between the said parties, and said articles were made on the condition that said James G. Doyle should furnish to plaintiff a bond with sureties to secure the performance of said articles by said Doyle; that in pursuance of said agreement and condition, defendant James G. Doyle

as principal, and the American Bonding and Trust Company, of Baltimore City, as surety, made and delivered to plaintiff their certain bond or obligation, under seal, in the penal sum of two thousand dollars, dated March 15, 1897, conditioned to be void if said James G. Doyle should according to the terms of the aforesaid contract, well and truly keep and perform all the covenants and agreements in said contract contained, otherwise to remain in full force and virtue in law; which said bond is herewith filed and marked 'Exhibit A.'

"Plaintiff further states that defendant James G. Doyle has been guilty of a breach of said bond in this: that he failed to finish and complete the work specified to be done by him in said contract, according to the terms of said contract, by reason of which failure plaintiff was compelled to finish and replace certain parts of said work and to pay for finishing and replacing the same, the following sums of money, viz.: * * * making a total of $259.24 so paid by plaintiff for finishing said work and replacing defective work; that defendant, James G. Doyle, committed a further breach of said bond in this: that he failed to pay for the brick and materials used by him in said work and furnished by the Hydraulic Press Brick Company, in consequence of which said failure the Hydraulic Press Brick Company within the time limited by law, filed its mechanic's lien against the aforesaid buildings and property of the plaintiff, and duly established its lien against the same for the sum of $1,789.91 and costs; that plaintiff on November 10, 1898, paid to said Hydraulic Press Brick Company, the sum of $1,789.91 in satisfaction of said lien judgment, and also paid the costs of said suit, amounting to $25.85.

"Plaintiff further states that on or about January 8, 1897, finding that a considerable sum of money could be saved by using old brick for the inside work of said buildings instead of new brick, and plaintiff having succeeded in inducing defendant

Swasey v. Doyle et al.

Doyle's subcontractor, the Hydraulic Press Brick Company to supply the No. 511 face brick for said buildings to said Doyle at two dollars per thousand less than said Doyle had contracted to pay for said No. 511 face brick, it was agreed by and between plaintiff and said Doyle that the latter should use the old brick for the inside of said buildings, and that there should be a deduction or abatement of one thousand dollars from the aforesaid contract price at fifty-three hundred and eighty dollars on account of the saving thus effected; that on January 22, 1897, defendant Doyle gave to plaintiff a receipt for one thousand dollars on account of the first payment to be made under the aforesaid contract of January 2, 1897, in compliance with his said agreement to abate the contract price one thousand dollars, as aforesaid, and that by reason of the substitution of old for new brick on the inside of said buildings, and the reduction of two dollars per thousand in the cost of No. 511 face brick secured by plaintiff for said Doyle as aforesaid, the costs of the work provided in said contract to be done by said Doyle was actually reduced at least one thousand dollars.

"Plaintiff further states that at the time of the aforesaid breaches of said bond, he had paid to defendant Doyle, on account of the contract price of the work to be done and materials furnished by said Doyle, the sum of $3,817.90, in addition to the credit of one thousand dollars allowed as aforesaid, in the manner following, to-wit:

"Plaintiff further states that by reason of the aforesaid breaches of said bond, the defendants have become liable to pay to the plaintiff the sum of $1,512.90.

"Wherefore plaintiff prays judgment against the defendant for two thousand dollars, the penalty of said bond, and that execution issue against defendant for the sum of $1,512.90, the damages aforesaid, etc."

The plaintiff having failed to plead further, a final judg-

ment was entered on the demurrer in favor of the American Bonding and Trust Company. Plaintiff recovered a judgment against Doyle and prosecuted an appeal from the judgment in favor of the trust company.

*Clinton Rowell* and *J. H. Zumbalen* for appellant.

(1) The surety was not discharged by the changes in the work, because the contract expressly authorized the owner to make changes in the work, and provided that such changes or alterations should not invalidate the contract. Beers v. Wolf, 116 Mo. 179; Howard Co. v. Baker, 119 Mo. 401. (2) The changes alleged to have been made were fully authorized by the special provision of the contract relating to alterations. Western Building Ass'n v. Fitzmaurice, 7 Mo. App. 283; Beers v. Wolf, 116 Mo. 179; Howard Co. v. Baker, 119 Mo. 401; McLennon v. Wellington, 30 Pac. 183; Higgins v. Quigley, 54 N. E. 136.

*Wm. Carter, Huff & Sleeth* for respondents.

(1) There was no right reserved in the contract authorizing any change of material to be used in performing the work provided for in the contract, and hence, the changes made avoided the contract. 3 Am. and Eng. Ency. of Law (1 Ed.), p. 762; Webster's Dictionary and Century Dictionary, tit. "Construction"; Beers v. Wolff, 116 Mo. 179; McLennon v. Wellington, 30 Pac. Rep. 183; Higgins v. Quigley, 54 N. E. Rep. 136; Eldridge v. Fuhr, 59 Mo. 69. (2) The change as alleged in the petition, changing the price to be paid, made an entirely new contract between the parties, and one which the bond was not given to cover. Warden v. Ryan, 37 Mo. App. 466; The Ashenbroedel Club v. Finlay, 53 Mo. App. 260.

GOODE, J.—While the contract of a surety must be construed like any other, in order to ascertain its meaning, the doctrine is trite that he has the right to stand on the very terms of the agreement as thus ascertained, and if it be altered without his consent, he is discharged. Interpreting the allegations of the petition in the best possible light for the plaintiff, and deducing all the inferences from it in his favor we can, the case stated is, that he was at liberty to make any deviations or alteration in the plan, form or construction of the brickwork which Doyle was to furnish the material for and do; if any difference in the expense was thereby occasioned, an addition to or abatement from the original price should be made. A generous construction would have to be put on that stipulation to allow the plaintiff to substitute other material instead of what the contract called for. It is hard to find in the phrases used any warrant for changing the material. But granting that the words of the contract were broad enough to permit a change to old brick instead of new for the inside courses of the walls, with a corresponding reduction of price, we are confronted by this insuperable difficulty; the pleader charges that the consideration to the contractor for knocking one thousand dollars off the amount which he was to receive, was not alone the fact that old and cheaper material was substituted, but the further fact that Swasey had saved him two dollars per thousand on the price of the face brick used in the buildings which Doyle had purchased from the Hydraulic Press Brick Company. The averments are susceptible of no other meaning than that Doyle deliberately abated one thousand dollars from the compensation he was to receive, partly because old brick were used, and partly because the plaintiff had done him the service of getting the Hydraulic Press Brick Company to abate something from the price Doyle had agreed to pay it for face brick. It will scarcely bear discussion, that the original

agreement between Swasey and Doyle, for the performance of which the American Bonding and Trust Company became surety, did not contemplate such a possible change in the price to be paid for the work for such a consideration, and that the provision, allowing the plaintiff to make deviations from the plan, form and construction of the work with an addition or reduction from the original price on account thereof, does not embrace this new arrangement. It was in every sense of the words a new contract based on a new consideration, instead of an alteration of the old one. We may grant that the price might be reduced because of a diminution of the cost of labor and material effected by the changes, without discharging the surety, but it certainly could not be reduced without having that result, because Swasey secured advantageous terms for Doyle in the latter's purchase of material.

The cases cited by the appellant do not, in the least, support his contention; for the changes from the first agreements were made, as the opinions justly say, in strict accordance with their terms. Beers v. Wolf, 116 Mo. 179; Howard County v. Baker, 119 Mo. 379. The present controversy is like Warden v. Ryan, 37 Mo. App. 466, with this exception: in that case the agreement necessitated a large addition to the original compensation and tended to the safeguarding of the surety; whereas here, nearly one-fifth of the price was deducted, thus weakening the contractor's ability to meet his obligations and increasing the surety's risk.

The judgment is right, and with the concurrence of all, is affirmed.