## EUDALEY v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

### Division One, February 15, 1905.*

1. **CHANGE OF VENUE.** The improper granting or refusing to grant a change of venue is a matter of error, to be corrected on appeal, where the point is preserved by a term bill of exceptions filed in the court making the order.

2. ———: **When Granted.** A change of venue can be granted by the court only when the party applying therefor brings his case within the scope of the meaning of the statute.

3. ———: **Prejudice of Judges.** Where the county in which the suit is brought constitutes one circuit with several circuit judges, an application for a change of venue to another county based on the prejudice of all the judges of the circuit should be overruled. The application can embrace only the judge of the division of the court to which the suit has been assigned. As to him it is conclusive, but it will not authorize him to send the case to another county, but only to another division of the court in the same county.

4. ———: ———: **More Than One Change.** To permit an appli· cant for a change of venue to include in his application as many circuit judges, whether of the county which of itself constitutes a circuit, or of other circuits, as he may wish, would be to authorize him to evade the express provisions of the statute which declares that "in no case shall more than one change of venue be granted either party," for by that means he would obtain what is equivalent to several changes.

Appeal from Lafayette Circuit Court.—*Hon. Samuel Davis,* Judge.

REVERSED AND REMANDED (*with directions*).

*L. F. Parker* and *Pratt, Dana & Black* for appellant.

There was error in granting a change of venue. 1. The application does not state that the op-

---

*Note—Decided December 22, 1904; motion for rehearing filed; motion overruled February 15, 1905.

posite party has an undue influence over the judges of Divisions 1, 2, 4 and 5, the allegation being merely "that the reasons urged for change of venue will apply as well to the Honorable J. H. Slover, Judge of Division No. 2," etc. 2. No proof of undue influence was offered as to the other judges than the one to whom the application was made. (a) Plaintiff makes an omnibus affidavit against four other judges, none of whom had sat in his case, and no doubt had never heard of the plaintiff or his cause of action. He could not say that defendant had an undue influence over these judges as against him because his case had never been before them. How could he say then that the reasons urged for change of venue will apply to the other judges? Supposing for the sake of argument that plaintiff was correct in making this statement at the time it was made, would it necessarily apply to all these judges when the case might reach them? Defendant might in the meantime lose its alleged undue influence over them or one of the four judges might have a change of heart by the time the case should come to him. (b) While a sworn application for a change of venue may disqualify the judge to whom the application is made and make a prima facie case on its presentation, such rule certainly does not obtain as to other judges than to the one who is presiding at the time in the cause. It requires something more than a mere affidavit to disqualify judges who have never sat in a cause. A judge presiding in a cause cannot take judicial notice on a mere affidavit that his brother judges are unduly influenced or biased against a party to a suit. It is a matter that must be presented to other judges before being passed upon by them or there must be proof offered to sustain such an allegation against any other judge than the one who is sitting in the case. State ex rel. v. Woodson, 86 Mo. App. 253; State v. Calloway, 154 Mo. 91.

*Alexander Graves* and *George W. Wright* for respondent.

(1)   There was no error in granting the change of venue.   The amended application contained two grounds: 1st, prejudice of the judges and undue influence of the opposite party over them; 2nd, that the defendant had an undue influence over the inhabitants of the county.   (2)   There was no counter-affidavit filed by defendant "controverting the objections to the inhabitants of the county," as prescribed by section 822, Revised Statutes 1899. The application for change of venue was therefore properly sustained on the second ground alleged.     (3)   The application was also properly sustained upon the first of the grounds alleged, to-wit, as to the circuit judges of Jackson county. State ex rel. v. Flournoy, 160 Mo. 331. This case virtually overrules or at least contravenes the dictum in State ex rel. v. Woodson, 86 Mo. App. 253, cited by appellant.   State v. Calloway, 154 Mo. 91, also cited by appellant, has no application whatever.

VALLIANT, J.—This suit was begun in the circuit court of Jackson county, which court was then in five divisions, over each of which a separate judge presided.   The cause was assigned to Division No. 3, over which the Hon. E. P. Gates was the judge. The original petition was filed August 13, 1901, the answer March 5th, and the reply March 22, 1902.

On March 21, 1902, plaintiff filed a petition for a change of venue on the ground: "Your petitioner has good reason to believe and does believe that he cannot have a fair and impartial trial of said cause in Jackson county, for the reason that defendant has an undue

influence over the inhabitants of said county," and that he came to a knowledge of that fact within ten days of that date.

On March 25th, the defendant filed a counter-affidavit specifically denying the allegations of that petition.

On March 27th, plaintiff filed an amended petition for a change of venue, stating that he could not have a fair and impartial trial in that court for the reason that the judges of Division No. 3 were prejudiced against the plaintiff and that the defendant had an undue influence over them. Then the petition went on to say "that the reasons urged for change of venue will apply as well to" the judges of the other four divisions of the court, naming them; it also asserted "that the defendant has an undue influence over the inhabitants of said county" and that these facts came to his knowledge two days before.

The amended application for a change of venue came on for hearing on March 29th, whereupon were the following proceedings:

"Mr. Black: Defendant objects to the amended application for a change of venue, first, for the reason that the plaintiff has already filed an application for a change of venue, and, second, for the reason, and I desire to introduce evidence on this point if necessary, that the plaintiff is a non-resident of the State of Missouri and lives in the State of Kansas; that the defendant railroad company is a corporation organized, not only under the laws of the State of Missouri, but also under the laws of the State of Kansas, and not only operates in Jackson county in the State of Missouri, but in other counties in the State of Missouri, and that operates not only in Wyandotte county, Kansas, but through the counties of Johnson, Miami, Linn, Bourbon, Crawford, Cherokee and other counties in the State of Kansas. That the plaintiff in this case has sued as a poor person. And we object to the ap-

plication because it is not in sufficient form and plaintiff has not shown sufficient facts to entitle him to a change of venue. If necessary we desire to introduce evidence on the second objection. I believe the plaintiff's affidavit on file in this case shows he is a nonresident of this State and has been, and that the accident happened in the State of Kansas.

"The Court: I think that is immaterial under this application against the judges—that is my view of it.

"To the ruling and action of the court the defendant at the time duly excepted.

"Mr. Black: I offer the evidence as stated.

"Mr. Wright: I object to the evidence as not material.

"The Court: It is understood that the evidence is offered and objected to as not being material. The objection will be sustained.

"To the ruling and action of the court the defendant at the time duly excepted.

"And thereupon it was ordered by the court that plaintiff's said amended application for a change of venue be sustained, and that a change of venue be granted in this cause, and at the suggestion of the defendant it was ordered by the court that this cause be sent to the circuit court of Lafayette county, Missouri, at Lexington.

"And to such ruling and action of the court the defendant at the time duly excepted."

The order for a change of venue was entered of record and the cause transferred to the Lafayette Circuit Court, where there was a trial, verdict and judgment for the plaintiff for $13,000 and defendant appealed.

The question first presented in this record relates to the action of the court in granting the change of venue. We have very recently decided that the improper granting or refusing to grant a change of venue

is a matter of error to be corrected on appeal.    [State ex rel. Brady v. Evans, 184 Mo. 632.]   In the case at bar the point was properly preserved in a term bill of exceptions signed and filed in the circuit court of Jackson county where the alleged error was committed.

The right to have a change of venue comes only from the statute.   It can be granted by the court only when the party applying brings his case within the scope of the meaning of the statute.

The causes for which a change of venue may be granted in a civil case are specified in section 818, Revised Statutes 1899, and are four in number; two of them are founded on objections to the judge of the court, and two on objections to the inhabitants of the county.   In section 819 a case is contemplated in which the judge is himself conscious of his disqualification to try the cause and may of his own motion award a change of venue, but we have not such a case before us, we are now concerned only with the causes stated in section 818, and the proceedings prescribed in the sections closely following.

In section 822 it is provided "that if the removal is asked on the ground of objections to the inhabitants of the county, and the adverse party shall have filed a counter-affidavit controverting the objections to the inhabitants of the county, the court shall hear evidence on the issue and determine the same on the merits of such evidence."

Section 833 requires the party applying for a change of venue to a county in another circuit to deposit $10 with his application, and the cause cannot be sent to another circuit unless the fee accompanies the transcript.   As Jackson county constitutes a judicial circuit in itself a change of venue to any other county necessarily would be to a county in another circuit. The record does not show that this deposit was made.

Besides, there was a counter-affidavit by the defendant denying that the defendant had an undue in-

fluence over the inhabitants of Jackson county, and therefore before the court could have granted the change on that ground the defendant was entitled to introduce evidence on the subject; such evidence the defendant offered, but the court refused to hear it. If it could be claimed, therefore, that the change was granted on that ground (which was the second ground named in the amended application) the court erred in so doing. But it appears affirmatively in the bill of exceptions that the court granted the change of venue on the ground of the objections made to the judges.

The learned trial judge was of the opinion that no evidence could be heard *contra* to the application based on the objection to the judges; and to the extent that the law allows applications based on objection to judges, that view was correct. But the fault in the plaintiff's amended application was that he undertook to include in his objection all the five judges of that court, so that the cause could not be transferred from one division to another.

There is nothing in the statute to warrant that. The statute refers to but one judge, the language is: "A change of venue may be awarded in any civil suit to any court of record, for any of the following causes: First, that the judge is interested or prejudiced, or is related to either party, or has been of counsel in the cause; second, that the opposite party has an undue influence over the mind of the judge." What judge is there referred to? The language points to but one and that one is the judge who is then presiding in the court where the cause is pending and before whom it is to be tried.

To the argument that the relief offered by the statute will accomplish no good if the cause is to be sent from one judge who is prejudiced to another judge who is prejudiced, the conclusive answer is that the right to a change of venue is derived solely from the

statute, and if the statute does not go as far as the party desires, the court can not lengthen it out.

That the framers of the statute had in mind only the one judge is shown not only from the language just quoted but also in section 822 wherein the procedure is prescribed. If the objection goes to the inhabitants of the county an issue is to be made and the question tried on evidence, but if it relates to the judge, there is no issue, no trial. Why is that? Because the law-makers understood that the judge was competent to weigh the evidence and ascertain if in fact the inhabitants of the county were prejudiced against the party, but he could not try himself. The Legislature would not do so foolish an act as to leave it to the judge whose impartiality was challenged to decide whether or not the charge against himself was true.

But when it comes to alleging that a number of other judges are prejudiced, there is no reason why the judge in charge of the case could not hear evidence on that point and decide the question relating to other judges as well as he could that relating to the inhabitants of the county. Why then does the statute not provide for the judge hearing evidence relating to other judges, as it has in relation to the inhabitants of the county? Because it never entered into the contemplation of the framers of the statute that the application could embrace, not only the judge to whom it was made, but also as many other judges as the applicant might choose to name in his affidavit.

The judge in this case decided, and decided rightly, that where the application was based on the prejudice of the judge no evidence to the contrary was admissible, the affidavit on that point was conclusive; but his error was in holding that the application could embrace other judges and that the applicant's affidavit as to them was conclusive also. If that were the law then an applicant could select his own judge by excluding every other one in the State. If he has the

right to disqualify five judges in one application he has the right to disqualify thirty-five.

The interpretation contended for by plaintiff would enable him to evade another very important provision of the statute. It is expressly declared in section 818 that "in no case shall more than one change of venue be granted either party."

Under that restriction, if the application for a change of venue had been based on objection to the judge in Division No. 3, and he had sent the case as the law required to another division the plaintiff could not have gone before that other division and asked for a change of venue on account of objection to that judge.

The Legislature seeing that the privilege granted was liable to abuse, deeming it right to give a party, who might have cause to believe that a particular judge was prejudiced against him, the opportunity to get out of his jurisdiction, yet unwilling to license him to wander over the State and pick his own judge, or to present a wholesale impeachment against a number of judges, one after the other, wisely declared that but one change of venue should be allowed either party. But for that restriction, the party might travel from circuit to circuit as his changes would be granted and before each judge file an affidavit of prejudice and be passed on to the next. If, however, a party can do as this plaintiff has been allowed in this instance to do, he can by including as many judges as he sees fit in his one application evade the express provision of the statute and obtain what is equivalent to several changes of venue.

The statute, section 822, says that if the change of venue is granted the judge shall send the cause "to some county in the same, adjoining or next adjoining circuit convenient to the parties for the trial of the case, and where the causes complained of do not exist." That clause is a direction to the judge who is granting

the change of venue; he, and not the party applying for the change, must decide whether or not the causes complained of exist in the county to which he sends the case; and to this end it is right that he should hear what either party has to say in suggestion or evidence, but it is not the prerogative of the party applying for the change to forestall the decision of the judge by putting a ban on certain counties or judges.

In what is above said the writer has made free to use the line of argument and has appropriated much of the thought contained in the opinion of our Kansas City Court of Appeals by ELLISON, J., in State ex rel. v. Woodson, 86 Mo. App. 253. In that opinion reference is made to decisions of this court construing statutes *in pari materia* with the statutes with which we are now concerned and it is shown that the views there expressed are in harmony with those decisions and in the line of their reasoning. [State v. Greenwade, 72 Mo. 298; State ex rel. v. Wofford, 119 Mo. 408; Gee v. Railroad, 140 Mo. 318.]

We are referred to State ex rel. v. Flournoy, 160 Mo. 324, as overruling or contravening State ex rel. v. Woodson, above mentioned. But we do not so construe that case. The facts of that case were, the plaintiff applying for the change of venue included in his affidavit two of the judges of the circuit court of Jackson county as under the influence of the defendant, the defendant then came in and filed an affidavit to the effect that the other two judges of that court (there were at that time only four) had been of counsel in the case; thereupon, the parties not agreeing upon a special judge, the court ordered the clerk to hold an election at the bar for a special judge and Mr. Flournoy was elected. He took the oath of office and entered upon the trial of the case, but after the proceedings had progressed Mr. Flournoy looked into the law and came to the conclusion that the court had no authority to order the election of a special judge, and that, there-

Eudaley v. Railroad.

fore, he had no authority to try the case and declined to proceed further with it; then an application to this court was made for a mandamus to compel him to go on, and we refused the writ on the ground that the statute did not authorize an election under the circumstances of that case.

The statute said that if "the application for a change of venue was founded on the interest, prejudice or other objection to the judge a change of venue shall not be awarded to another county if the parties shall thereupon agree upon a special judge, or if both parties request the election of a special judge; and in the latter case a special judge shall be elected as provided by law." The parties in that case did not agree upon a special judge and did not request an election of a special judge and upon that state of facts this court decided that that court had no authority to order the election, that Mr. Flournoy was right, and the mandamus to compel him to go on was refused. Whilst it is true the affidavits in that case included all the judges of that court, yet no question of that fact was raised or involved; the sole question was as to the legality of the election of the special judge under the terms of that statute.

In the case at bar the circuit court of Jackson county erred in granting the change of venue; for that reason the judgment of the circuit court of Lafayette county is reversed, and the cause remanded to that court with directions to return the record to the circuit court of Jackson county and directions to the circuit court of Jackson county to resume jurisdiction of the case and proceed with it according to law. All concur except *Robinson J.*, absent.