THE STATE OF MISSOURI ex rel. SMITH-KERNOHAN COMPANY, Relator, v. HUGH DABBS, Judge, Respondent.

Kansas City Court of Appeals, June 4, 1906.

1. TRIAL PRACTICE: Change of Venue: Prejudice of Judge: Statutory Construction. Under the change of venue statute an application for change of venue on the ground of prejudice of the judge removes the cause to some other judge against whom the causes complained of do not exist, and the judge may hear suggestions or evidence to satisfy himself as to whether such other judge is prejudiced.

2. ———: ———: ———: ———: **Jasper Circuit Court.** The law relating to changes of venue from the Jasper Circuit Court is written in view of the prior statute, and means if the disqualifications of the other judge of that court exist in the opinion of the judge to whom the application is addressed, he will send the cause to some other court; otherwise to the other division of that court.

## Original Proceeding by Mandamus.

WRIT DENIED.

*McIndoe & Thurman* for relator.

Filed an argument.

*Cole, Burnett & Williams* for respondent.

(1) The right to have a change of venue comes only from the statute. It can be granted by the court only when the party applying brings his case within the scope and meaning of statute. Endsley v. Railroad, 186 Mo. 404. (2) The respondent did not refuse to act on the application for change of venue. As judge of division two of the Jasper Circuit Court, he took up the application, and after hearing the same and being fully advised, sustained the application as to himself, and overruled the application as to Judge Gray, and ordered the cause sent to division one of the Jasper Circuit Court. Mandamus lies to require a court to act, but not to coerce a particular judgment. State ex rel. v. Smith, 105 Mo. 6. The subordinate tribunal will be left free to give its best judgment. Mandamus does not lie to correct the errors of inferior tribunals by annulling what they have done erroneously. State ex rel. v. St. Louis Court of Appeals, 87 Mo. 374; Mittenberger v. St. Louis County Court, 50 Mo. 172; State ex rel. v. Megown, 89 Mo. 156. (3) Mandamus will not lie to compel the judge of a trial court to grant a change of venue. Ex parte Chambers, 10 Mo. App. 240; State ex rel. v. McKee, 150 Mo. 233; State ex rel. v. Evans, 184 Mo. 632.

ELLISON, J.—The relator, a corporation, is defendant in an action pending in the circuit court for Jasper county before the respondent, Judge Dabbs, as one of the judges of that court. It seeks to compel respondent by this proceeding in mandamus, to grant a change of venue to some other circuit court, which it is conceded he refused to do.

Relator made application in due form for the change of venue assigning as the cause ·that respondent was prejudiced against it so that it could not have a fair trial and that the same cause existed against Howard Gray, the judge of the other division of said court. The respondent sustained the application as to himself, but overruled it as to Judge Gray, the effect of which action is to put defendant to trial before the latter judge and to refuse to send the cause to some other circuit court. For some time prior to 1901, Jasper county alone composed the Twenty-fifth Judicial Circuit, with one judge. But by the Laws of 1901, p. 120, two judges were provided for said court, which was divided into two divisions, one judge to preside in one and the other judge in the other. At the time of this proceeding and controversy the respondent presided in division two and Judge Gray in division one. The question is, was the case properly sent to Judge Gray, or should it have been sent to a court in some other circuit?

It is provided by section 6 of the act aforesaid that, "After the taking effect of this act no change of venue shall be allowed by said court for any reason that may be alleged against the judge of the division to which the same is assigned, but if any such reason exists the cause shall be transferred to the division held by the other judge; but if reason exist against both the judges of said court, then such change may be allowed to the circuit court of some other county, as now or hereafter provided by general statutes, or otherwise disposed of according to law." Relator relies on that part of the statute authorizing the change to some other circuit

court of some other county, if the cause of the change exists against both judges. We do not agree to that view. We do not think it authorizes a change to some other circuit if the other judge is not disqualified, and we do not think that a party litigant has the right to disqualify him. Clearly, the general statute on the subject of changes of venue applies to Jasper county. The law just quoted was written on that assumption. Under the general statute there are two classes of causes for change of venue; one is on account of the prejudice of the judge against the applicant, or undue influence of the opposite party; the other is where the judge is related to either party, or is interested in the case, or has been of counsel for either party. For the former class there can be but one change of venue; but for the second, there may be as many as are necessary to find a judge who is not interested, related to, or been of counsel for, either party. [State ex rel. v. Woodson, 86 Mo. App. 253.] The present application belongs to the former class and the applicant can have but one change, and this he may have as his peremptory right. When he makes his application, in due form, the judge to whom the application is addressed has no discretion as to ordering the cause removed from himself. But by the terms of section 822 of the general law of 1899, relating to changes of venue, he should order the change to some other judge against whom the causes complained of do not exist. This command of the statute is, however, addressed to the judge before whom the application is pending and he may hear suggestions or evidence to satisfy himself as to that matter and act as he may see his duty in the premises. [Eudaley v. Railroad, 186 Mo. 399, 407; State ex rel. v. Woodson, supra.] Those cases show that the applicant has no peremptory right to forestall his action by including the names of other judges in his application (Gerhart v. Weiter, 108 Mo. App. 248), for if he did, he would circumvent the statute upon which any right in him exists at all and obtain more than one change.

This is demonstrated by Judge VALLIANT in Eudaley v. Railroad and we need do no more than refer thereto.

So, therefore, considering the Laws of 1901, aforesaid, in connection with the general law, as we must, we find that, under the former, while the circuit court of Jasper county is composed of two divisions, it is but one court and in view of the fact that there was a judge of each division, against either of whom cause for change of venue might exist, it was provided that a cause existing against one of these judges should not have the effect of sending the case to another court, as it would in ordinary instances throughout the State, but merely to the other division where the cause did not exist. But if the cause existed against both judges, then, and only then, could the case be sent to some other court. But the statute does not mean that the disqualification of both shall be considered as existing merely because the applicant so states; his peremptory right extends no further than to one judge. The statute means if the disqualification of the other judge exists, in the opinion of the judge to whom the application is addressed. If the disqualifying reason, in the opinion of the judge, does exist, he will then send the cause to some other court where he believes such reason does not exist, as he would under section 822 of the general law. In consideration of the discussion of the general subject by the Supreme Court and this court in the cases above cited, it is believed our interpretation of the law of 1901 will be understood without the necessity of further comment.

Our conclusion is, that relator did not have a peremptory right to disqualify Judge Gray and that the view taken by Judge Dabbs was a correct interpretation of the statute. Peremptory writ denied. All concur.