## GUY v. KANSAS CITY, FORT SCOTT & MEMPHIS RAILROAD COMPANY, Appellant.

### Division One, June 19, 1906.

CHANGE OF VENUE: Prejudice of Judges: More Than One Judge: Jackson County. Where there is more than one circuit judge in a county, the court is not authorized, upon the filing of an affidavit alleging the existence of a prejudice against the applicant on the part of all the judges of the county, to send the case out of the county, without taking evidence to ascertain whether or not such prejudice exists against the other judges. Where there is but one judge in the county, the affidavit is conclusive upon that judge, but section 11 of the act of 1879, which has since been continued in force, says that "if the reason exists against both judges of said court then the change may be allowed to the circuit court of some contiguous county," but the General Assembly has not said how the fact that "the reason exists against" the other judges is to be ascertained. It is, therefore, to be ascertained by the judge of the division in which the application is filed, just as other collateral questions of fact addressed to the court are tried, that is, not by a jury, but by the court; and until proof is offered tending to show the prejudice of the judges presiding in the other divisions of the court, no change to another county should be awarded upon an affidavit alleging only prejudice on the part of all the judges of the county.

Appeal from Bates Circuit Court.—*Hon. W. W. Graves*, Judge.

REVERSED AND REMANDED (*with directions*).

*L. F. Parker* and *Pratt, Dana & Black* for appellant.

The Bates Circuit Court had no jurisdiction of the case. The change of venue was improperly granted. While a sworn application for a change of venue may disqualify the judge to whom the application is made and may make a prima-facie case on its presentation, such rule certainly does not obtain as to other judges

than to the one who is presiding at the time in the cause. It requires something more than a mere affidavit to disqualify judges who have never sat in a cause. A judge presiding in a cause cannot take judicial notice on a mere affidavit that his brother judges are unduly influenced or biased against a party to a suit. It is a matter that must be presented to other judges before being passed upon by them or there must be proof offered to sustain such an allegation against any other judge than the one who is sitting in the case. Eudaley v. Railroad, 186 Mo. 399; State ex rel. v. Woodson, 86 Mo. App. 253.

*Thos. J. Smith, W. O. Jackson* and *Geo. W. Wright* for respondent.

As was said by this court in Eudaley v. Railroad, 186 Mo. 404, "the right to have a change of venue comes only from the statute." It being purely a statutory right and being prescribed by statute, this method of procedure is exclusive. Railroad v. Railroad, 149 Mo. 253. The person applying for a change of venue on account of the interest, prejudice, etc., of the judge under the provisions of section 822, if his application is timely and formal, gets the change on the application, unless he agree to a special judge or to the election of such a judge by the members of the bar. No provision is made (and under the rule referred to above would it be permitted) for proving the facts upon which the application is based, otherwise than by the application itself. Such is the clear reading and interpretation of the statute referred to. Under this section, if a change of venue is awarded on account of objection to the judge and the applicant fails to agree with the other side as to a special judge, then the case must be sent "to another county" for trial. Because it has been suggested that if a party may be permitted to swear against the several judges of a circuit, where there are

more than one, he would thereby in effect be obtaining more than one change of venue, we beg to say the right of a person so to do must depend upon the statute governing such courts. In this case the statute is the act of 1879 (Laws 1879, p. 82.) It will be seen that under this statute the right to swear against more than one judge in the same circuit is clearly recognized unless in some way it can be found that the prescribed statutory procedure to secure this purely statutory right is not exclusive, as has been so often stated by the textwriters and declared by this court, as it appears to us. We recognize that in the section quoted from it is said: "But if the reason exists against both judges then the change may be allowed," etc. Under the general law in force at that time, as had then been but recently declared, the only way by which the existence of the reasons for such change of venue was to be proven to the court so as to authorize the change of venue, that is, a change of venue from the county where the suit was then pending, was a formal affidavit and application of the party applying. Corpenny v. Sedalia, 57 Mo. 92. The doctrine of this case has been ever since recognized by this court. Therefore, both under the general rule of construction and the express declaration of this court upon the identical question, the showing and the only showing, required of plaintiff was that he make a formal and verified application for a change of venue. The opinion of this court in the Eudaley case is predicated upon the hypothesis of the repeal of the act of 1879 by the general provisions of sections 821 and 822, Revised Statutes 1899, or else the act of 1879 was not called to the court's attention. Suth. on Stat. Const., sec. 157; State v. DeBar, 58 Mo. 395; McVey v. McVey, 51 Mo. 420; State ex rel. v. Stratton, 136 Mo. 429; State ex rel. v. Spencer, 164 Mo. 53; Manker v. Faulhaber, 94 Mo. 430; Donnel v. Lee, 101 Mo. App. 191.

Guy v. Railroad.

VALLIANT, J.—Plaintiff, a brakeman on one of defendant's freight trains, received personal injuries in consequence, as he declares, of the negligent handling of the train.

He brought suit for damages in the circuit court of Jackson county and the cause was regularly assigned to Division No. 5 of that court. After the pleadings were made up he applied to the court for a change of venue, alleging in his affidavit as the ground for the change that the judge of Division No. 5 was prejudiced against him and that the defendant had an undue infuence over the judge and that the same reason for a change of venue applied also to each of the judges of the other four divisions, naming them. When the application came on for hearing plaintiff offered no evidence, defendant appeared and objected to the change of venue on the ground, among others, that the party could not thus disqualify all the judges in that circuit and thus send the cause to an adjacent circuit. The court overruled the objection, and made an order, first, that the cause be sent to Vernon county, but on the suggestion that that county was not in an adjoining circuit the order was changed so as to send it to Bates county. Defendant duly excepted to the ruling of the court, and filed its term bill of exceptions in the Jackson Circuit Court. The cause was sent to the Bates Circuit Court, where it was tried, verdict and judgment for plaintiff for $5,150 from which defendant appeals.

We have first to deal with the question of the change of venue. This same question was decided in Eudaley v. Railroad, 186 Mo. 399. In that case, as in this, the plaintiff after bringing suit in Jackson county applied for a change of venue on the ground alleged that the judge of the division to which the cause had been assigned was prejudiced against him and that the defendant had an undue influence over him, and that the same reason applied to all the other judges of that

197 Sup.—12.

court. The judge in that case to whom the application was made construed the law to be that the plaintiff's affidavit was conclusive and that the court had no discretion but to select another county to which he would send the case and accordingly sent it to Lafayette county; the defendant preserved its exception to the ruling by a term bill of exceptions, the cause was tried in the circuit court of Lafayette county, there was a judgment for the plaintiff and defendant appealed. We held in that case that the sending of the case out of Jackson county, was error and for that error the judgment of the circuit court of Lafayette county was reversed and the cause remanded to that court with directions to return the record to the circuit court of Jackson county, and directions to the circuit court of Jackson county to resume jurisdiction of the cause and proceed with it according to law.

We do not consider it necessary to enter anew on the full discussion of that subject as our views are set out in the opinion in that case. In the brief of respondent, however, it is suggested that we did not in that case refer to the act of 1879 which made two divisions of the circuit court of Jackson county (Laws 1879, p. 82), and which in section 11 thereof provided that: "After the date aforesaid, no change of venue shall be allowed by said circuit court for any reason that may be alleged against the judge of the division to which the same is assigned, but if any such reason exist, the cause shall be transferred to the division held by the other judge; but if reason exist against both the judges of said court, then such change may be allowed to the circuit court of some contiguous county, unless otherwise disposed of according to law." Since the passage of that act there have been two other acts of the General Assembly relating to the organization of the circuit court of Jackson county, one making four divisions (Laws 1889, p. 77), the other increasing it to five divisions (Laws 1901, p. 118.) The act of 1889 declares

that: "So much of all acts now in force and applying to said judicial circuit as are not repealed by inconsistency with this act are hereby continued and made to apply to the four divisions of said court." In each of the acts of 1889 and 1901, is a clause expressly repealing all acts or parts of acts inconsistent with it. Section 11 of the act of 1879 above quoted is the only part of that act relating to the subject of change of venue; there is not in either the act of 1889 or 1901 any reference to that subject. So that if there is any special law now governing the circuit court of Jackson county in the matter of a change of venue it is section 11 of the act of 1879. The law authorizing a change of venue to a county in another circuit on the ground of the disqualification of the judge of the court in which the cause is pending has been on our statute books from their earliest date (1 Territorial Laws 1804-24, pp. 617, 770), and from the first to the last the language used in the general statutes on this subject shows that the law-makers had in mind circuits in each of which was but one judge. Therefore it was provided, as a general law, that if the application for a change of venue was made on the ground of the disqualification of the judge he should send the case to some county in another circuit unless the parties agreed on a special judge or on the election of one. Where there is but one judge in a circuit and he is disqualified the only way to get the case before a judge who is qualified is either to select a special judge or send the case to another circuit. But if the only obstacle in the way of a fair trial is the supposed prejudice of the judge, that obstacle is easily removed in a court consisting of two or more divisions by the transfer of the cause from one division to another. In such case it would be without reason and would be oppressive to require or permit one party to carry the case to a distant forum, and the Legislature never intended to authorize it. It was doubtless to prevent the general law being so construed in its applica-

tion to the circuit court of Jackson county that the General Assembly, when giving that court two judges, as it did in 1879, added section 11 above quoted, and that reason applies with even more force when as now there are four other judges to choose from than it did when as in 1879 there were only two judges of that court.

The general statutes, sections 818 to 822, Revised Statutes 1899, inclusive, show that the law-makers had in mind only courts in each of which there was but one judge and they made provision for the change of venue in two classes of conditions only, one where the objection is to the judge, the other where the objection is to all the people of the county; in the first, the affidavit of the party is all that is required; in the second, evidence is to be heard and the charge alleged against the inhabitants of the county is to be proven. There is nothing said about another judge in another division of the same court. Those sections of the general law contain all that the General Assembly has said on the subject of the procedure to obtain a change of venue. The main purpose of section 11 of the act of 1879 was to except the circuit court of Jackson county in this particular out of the provisions of the general law which was enacted for courts of which there was but one judge, and to require the judge of the division in which the cause was pending when the charge disqualifying him was made to send it to the other division instead of to some county in another circuit.

But section 11 of the act of 1879 says, "But if the reason exists against both judges of said court then the change may be allowed to the circuit court of some contiguous county unless otherwise disposed of according to law." "If the reason exists against both judges"— how is that fact to be ascertained? The Legislature has not said. This court has construed the clause of the general statute, sections 818 to 822, Revised Statutes 1899, in reference to the charge of disqualification of

the judge against whom it is made, to mean that the affidavit of the party asking for the change of venue is conclusive. This is so, for the reason, as was said in the Eudaley case, because the judge could not try the question of his own fair-mindedness and also as was said for the court by SHERWOOD, J., in Corpenny v. Sedalia, 57 Mo. 88, 1. c. 91: "It would seem that a court against whom so grave a charge as that of partiality is made (however frivolous or false the charge might be deemed) would gladly avail itself of an opportunity to be freed from trying a cause, the trial of which might be connected with such a serious imputation." The conclusiveness of the affidavit of the party making the charge against the judge follows from the very necessity of the case, but that necessity does not exist in reference to the charge of prejudice against the other judges. The judge disqualified is still obliged by law to exercise his judgment as to where the cause will be sent, and in that matter he is neither disqualified nor embarrassed. The statute forbids the sending of the case out of the county unless the fact is that the reason for the alleged disqualification exists against both the judges, and since the Legislature has prescribed no particular mode of trial of that question it is one for the court to try as other collateral questions of fact addressed to the court are tried, that is, not by a jury, but by the court, but the court is not bound by the affidavit of the party applying for the change of venue; it must be satisfied by proof that the other judges are disqualified.

In the case at bar, the judge to whom the application for the change of venue was made seems to have construed the statute to mean that the affidavit of the plaintiff in support of his motion for a change of venue was conclusive, not only in so far as it referred to the judge himself, but also to the extent that it disqualified all the other judges in that circuit, and with that view of the law, without any proof at all of the charge, he

granted the change of venue. It was error to have granted the change of venue on that showing. For that error the judgment is reversed and the cause remanded to the circuit court of Bates county with directions to return the record to the circuit court of Jackson county and with directions to the circuit court of Jackson county to resume jurisdiction of the cause and proceed with it according to law.

All concur.