STATE OF MISSOURI ex rel. GEORGE C. KIRN, Appellant, v. ANTHONY A. O'HALLARON, Respondent.

Springfield Court of Appeals, June 6, 1910.

1. **JUSTICES' COURTS: City of St. Louis: Change of Venue.** In the city of St. Louis where there are two justices in a district, and a change of venue is taken in a pending cause from before one of them, on account of prejudice of such justice, the cause must be sent to the other justice in the same district (provided no disqualifications such as prejudice, *et cetera*, are alleged against the other justice), and if sent to a justice in another district the latter justice will have no jurisdiction.

2. ———: ———: ———: **General Law Governs.** The general statutory law relating to changes of venue taken from justices of the peace of townships (Sec. 3973, R. S. 1899), applies to changes of venue taken from justices of the peace in districts of the city of Saint Louis.

3. ———: **Jurisdiction.** Justices of the peace, as well as the jurisdiction exercised by them, are created and regulated by statute, and they can exercise such jurisdiction only as the law creating them confers and, being inferior courts, not exercising jurisdiction according to the course of the common law, they can take nothing by implication.

4. **CHANGE OF VENUE: Statutory Right.** The right to a change of venue is purely statutory and has no existence outside of the special grant of power to award it.

Appeal from St. Louis City Circuit Court.—*Hon. Wm. M. Kinsey,* Judge.

REVERSED AND REMANDED (*with directions*).

*F. A. C. McManus, Nat. Steiner* and *McShane & Goodwin* for appellant.

*J. M. Lashly* for respondent.

NIXON, P. J.—The relator, George C. Kirn, was sued before R. C. Grier, a justice of the peace in the fourth justice's district, St. Louis, Missouri, by W. S. Lawrence, a physician, upon an account for medical services in the sum of forty dollars. Relator filed an affidavit in said court setting up the statutory ground of prejudice of said Justice Grier, and prayed for a change of venue on account of such prejudice. Instead of said justice transmitting the papers to the other justice in the same district, he sent them to Anthony A. O'Hallaron, one of the two justices in the fifth justice's district in said city. Relator appeared specially before Justice O'Hallaron and filed a motion to dismiss the cause for the reason that the court of said Justice O'Hallaron did not have jurisdiction, said court not being in the same district as that of Justice Grier before whom the suit was commenced. This motion being overruled, relator applied to the circuit court for a writ of prohibition to prohibit the said Justice O'Hallaron from proceeding to hear and determine said cause in said fifth district because of lack of jurisdiction, and the usual provisional writ was issued. Respondent filed a general demurrer to the petition which was sustained, and relator declining to plead further, the court entered final judgment against relator and denied the writ prayed for. Relator has appealed.

The question presented is, In the city of St. Louis, where there are two justices in one district and a change of venue is taken in a pending cause from before one of them on account of prejudice of such justice, to what other justice must said cause be transmitted?

Counsel for respondent, relying upon section 6518, Revised Statutes 1899, which provides (in part) that "every justice of the peace shall have jurisdiction co-extensive with the city in which he shall be elected," contends that the justice from whom the change of venue was taken was authorized to send the transcript and papers in the case to any other justice of the peace

within the city of St. Louis, and that such other justice receiving the papers would have jurisdiction to hear and determine the cause.

In Vol. II, Revised Statutes 1899, beginning with section 6508, we find the subject of justices of the peace treated as relating to cities of 300,000 inhabitants or more, which, of course, applies to the city of St. Louis. This chapter makes no provision as to service of process, appearances, pleadings, judgments, execution, etc., or as to changes of venue or other proceedings before justices of the peace in such cities.

The latter part of section 6519, in said chapter, provides that justices in the city of St. Louis "shall have all powers and jurisdiction now conferred by the law on justices of the peace, not inconsistent with the provisions of this article; and all existing provisions of law now applicable to justices of the peace and the *practice and procedure* in their courts shall be applicable in all respects to the justices elected under this article."

Section 6513 in said chapter is as follows: "What laws applicable.—All laws now or hereafter in force, concerning justices of the peace or constables, applicable to townships, shall be applicable to the districts of said justices and constables as provided in this article, except where inconsistent with the other provisions hereof."

It is therefore made clear that, *no provision whatever* being made in said chapter for changes of venue as to justices in the city of St. Louis, we must look to the statute concerning townships for the law governing such matters, if changes of venue are to be allowed in the justices' courts of St. Louis.

Section 3973, Revised Statutes 1899, provides that upon the filing of the affidavit stating the grounds for a change of venue, the justice must allow the change of venue, "and immediately transmit all the original papers and a transcript of all his docket entries in the case to some convenient justice in the township, if there be one,

unless the party asking for a change of venue shall, in his affidavit, state that the other justice in the township is a material witness for him, without whose testimony he cannot safely proceed to trial, or that he is near of kin to either party, stating in what degree, or that he cannot have a fair and impartial trial before such justice, or if there be no justice in the township, in which case then to a justice in some other township in the county, or, if the change be allowed on account of the bias or prejudice of the inhabitants of the township, then to a justice in some other township in the county: Provided, that when such affidavit for a change of venue shall be filed, the justice shall have no further jurisdiction in the cause, except to grant such change of venue."

The practice in the case of townships is clearly defined. Then, according to section 6513, this practice must prevail as to the districts of the city of St. Louis unless it is inconsistent with other provisions in the chapter relating to the justices of St. Louis. The only serious attempt to show an inconsistency is based on the terms of section 6518 in making the jurisdiction of a justice in the city of St. Louis co-extensive with the city in which he shall be elected, except in landlord and tenant cases, and in cases of forcible entry and detainer, and of unlawful detainer, which shall be brought in the district where the property to be affected is situated." The section immediately preceding limits the jurisdiction of said justices to certain actions and to a certain amount. So that the two sections, taken together, are very similar to section 3838 which begins, "Every justice of the peace shall have jurisdiction co-extensive with the county for which he shall be elected," etc., thus using the identical language appearing in section 6518 except that the word "county" is used instead of the word "city."

Now, if respondent's contention, that because a justice of the peace is declared to have jurisdiction co-extensive with the city he may therefore send a case on

change of venue to any justice in the city, shall be upheld as to the city of St. Louis, we see no reason why it should not apply to counties, and justices in townships would then be permitted to send a case on change of venue to any other justice in the county even though there remained a qualified justice in the same township. As said in the case of Taaffe v. Ryan, 25 Mo. App. l. c. 567, there is no essential difference between justices of the peace in the city of St. Louis and in the counties of the State.

It is very clear that there is not anything in the law governing justices in townships which is inconsistent with the law governing justices in the city of St. Louis as regards the subject of change of venue. If it should he held that section 3973 is inconsistent with the provisions of those sections relating specially to St. Louis justices, then the right to a change of venue in justices' courts of St. Louis would not exist. There is nothing in the chapter treating of justices in St. Louis which gives them any power to grant a change of venue. "Justices of the peace, as well as the jurisdiction to be exercised by them in the court which they are authorized to hold, are created and regulated by statute, and they can exercise such jurisdiction only as the law creating them confers, and being inferior courts not exercising jurisdiction according to the course of the common law, they can take nothing by implication." [State ex rel. v. Hopkins, 87 Mo. l. c. 523.] Furthermore, "the right to a change of venue is purely statutory, and has no existence outside of the special grant of power to award it." [State ex rel. v. Wofford, 119 Mo. l. c. 410, 24 S. W. 1009.]

It will not be presumed that the Legislature intended to deprive the litigants in the justices' courts of the city of St. Louis of the right to have changes of venue. As said in the case of Clarkson v. Guernsey Furniture Co., 22 Mo. App. l. c. 112, " . . . and we know that there was never any substantial doubt about justices of the peace in the city of St. Louis having jurisdiction analogous to, and equally extensive with, that possessed

by justices of the peace in the counties of the State."
And in the same case, referring to the statute prescrib-
ing the township in which actions before justices should
be brought, the court say (p. 111): "This section has
always been understood to apply to the city of St. Louis,
and the so-called 'judicial district' of the city of St.
Louis are townships within its meaning." The evi-
dent purpose of the Legislature was to make the law gov-
erning justices of the peace as to practice and procedure
uniform as far as practicable throughout the State.

We therefore hold in this case that section 3973
concerning changes of venue from justices in townships
is applicable to justices in the districts of the city of
St. Louis, and that said section is in no wise inconsist-
ent with the provisions of the chapter relating to justices
in the city of St. Louis. The judgment is accordingly
reversed and the cause remanded with directions to the
circuit court to issue the writ of prohibition as prayed
for. All concur.