# THE SEDGWICK FURNITURE COMPANY, Appellant, v. LYDIA M. CRAIG, Respondent.

### Springfield Court of Appeals, December 4, 1911.

1. **JUSTICES' COURTS: Change of Venue: Motion Made After Trial Commenced: Transcript of Justice.** In an action before a justice of the peace the transcript of the proceedings before the justice showed that after the cause had been continued several times, it was on a certain day called for trial and a witness was sworn and then at the request of the defendant's attorney the cause was postponed to another day for further hearing; that on the day to which the case was continued it was taken up for further hearing and defendant offered an affidavit for change of venue, which was refused ·because it was not offered before the trial was commenced, and the justice, after hearing all the evidence, rendered judgment in favor of the plaintiff. The defendant appealed and in the circuit court filed a motion to dismiss the proceedings and asked that the cause be remanded to the justice, with directions to grant the change of venue, the only evidence offered in support of the motion being the transcript of the justice. *Held*, that so far as the recitals in the transcript were concerned, it cannot be said that the justice improperly denied the change of venue; that the court could not presume the ruling to be wrong when it may have been correct and that the motion to remand to the justice should have been overruled.

2. **MANDAMUS: Other Adequate Remedy.** Where a party has other and adequate remedies, mandamus will be denied, but it does not follow that in every case where the same result may be reached by some other form of proceeding that mandamus will be denied. To deprive a party of his remedy by mandamus the other remedies open to him must be such that will secure the same results without unnecessary delay.

3. **JUSTICES' COURTS: Mandamus: Requiring Justice to Grant Change of Venue: Same Result by Appeal.** While mandamus will lie to compel a justice of the peace to grant ·a change of venue upon a timely application, yet the party is not required to resort to that remedy, but may allow the case to go to judgment before the justice and on appeal to the circuit court may, by motion in a proper way, have the cause remanded with directions to set aside the judgment and grant the change of venue.

4. ———: **Proper Docket Entries.** As long as a justice of the peace confines the entries in his docket to a correct recital of the proceedings before him, the entries are proper. So an entry showing that a witness was sworn on a certain day and that the cause was then continued for further hearing to another day is a proper docket entry.

5. ———: **Trial Commenced When: Filing Application for Change of Venue.** In a cause before a justice of the peace the trial is not commenced when a witness is sworn merely, and so the time for filing an application for a change of venue does not expire until the taking of testimony has begun or the jury has been sworn.

6. ———: **Jurisdiction: Presumption: When Jurisdiction is Lost: Burden of Proof.** Although it has been held that there is no presumption indulged in favor of the jurisdiction of a justice of the peace, yet, when it is shown that the jurisdiction of the justice has attached, the party claiming that the jurisdiction has been lost must support it by proof. In case the want of jurisdiction appears on the face of the proceedings an inspection thereof will determine the question. But if the justice is ousted of jurisdiction by facts dehors the record, such facts must be proved.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

REVERSED AND REMANDED.

*M. R. Lively* for appellant.

(1) The transcript of the justice is evidence, when properly certified as was done in this case and as shown in the abstract of record and is a part of the record in this case, and is in evidence. R. S. 1909; sec. 6333, 7404. (2) These entries in this transcript come within the rule laid down in Brown v. Spierson, 8 Mo. 160; Carpenter v. Roth, 192 Mo. 669. (3) Every reasonable intendment must be indulged in support of judgment. In re Clark, 126 Mo. App. 401; State v. McCord, 207 Mo. 519. (4) Where the jurisdiction of the inferior court is dependent upon a fact which that tribunal must ascertain and find, its decision is

conclusive against collateral attack. Hammond v. Dalington, 109 Mo. App. 345; Shanklin ex rel. v. Francis, 67 Mo. App. 464; Leonard v. Sparks, 117 Mo. 109. This is a collateral attack on the judgment. Club v. Horschitz, 128 Mo. App. 575. (5) The justice of the peace had jurisdiction of the subject-matter and the parties; the law presumes he acted within his statutory rights and jurisdiction. R. S. 1909, sec. 7396. (6) Mandamus is the correct remedy in this case. State ex rel. v. McCracklin, 60 Mo. App. 650.

*S. W. Bates* for respondent.

(1) The justice docket is evidence only of those things required by law to be placed therein, not of other facts. His statement that the change of venue asked for was refused because not asked for before the trial commenced, is merely the conclusion of the justice and not evidence that the affidavit was not offered at the proper time. The statute nowhere requires the justice to make such entry. Whether or not the affidavit was offered in time must be gathered from the whole record. R. S. 1909, sec. 7404; Carpenter v. Roth, 192 Mo. 669; Heman v. Larkin, 99 Mo. App. 299; Fabien v. Garbow, 134 Mo. App. 198. (2) Party may procure a change of venue after the cause is continued. Herbert v. Beathard, 26 Kan. 746. (3) May procure a change of venue after jury has disagreed and before second jury is sworn. Marshall v. Kinney, 1 Iowa 580. (4) Appearance and taking part in trial after application for change of venue has been refused is not a waiver, and the proper procedure is motion to dismiss or vacate the appeal and order the cause sent back to the justice with directions to grant the change asked for. Bashkowitz v. Guthrie, 99 Mo. App. 304; Endicott v. Hall, 61 Mo. App. 185; O'Rielly v. Henson, 97 Mo. App. 491.

COX, J.—This is an action upon an account begun before a justice of the peace. The defendant filed before the justice an application for a change of venue which the justice overruled and proceeded with the trial to judgment. Defendant appealed to the circuit court and in that court filed a motion to dismiss the proceedings in that court and asking that the cause be remanded to the justice with directions to grant the change of venue. This motion was sustained and the order made as requested and from this action of the circuit court plaintiff has appealed to this court.

Plaintiff's first contentiton is that if it be true that the justice of the peace improperly overruled the application of respondent for a change of venue yet that question could not be determined in this proceeding but respondent's only remedy was by mandamus to compel the justice to grant a change of venue.

Mandamus does not lie except as a dornier resort. If a party has any other adequate remedy, mandamus will be denied. [State ex rel. Carroll v. Cape Girardeau County Court., 109 Mo. 248, 19 S. W. 23; State ex rel. Mary Frances Realty Co. v. Homer, 150 Mo. App. 325, 130 S. W. 510.]

It does not follow, however, that in every case where the same result may be reached by some other form of procedure that mandamus will be denied. To deprive a party of his remedy by mandamus, the other remedy open to him must be an adequate one, that is, a remedy that will secure the same result without unnecessary delay or circumlocution. Although remedy by mandamus may be open to a party, yet, if there be any other remedy and he chooses to follow it he may. [State v. Sneed, 58 S. W. (Tenn.) 1070.]

While mandamus will lie to compel a justice of the peace to grant a change of venue upon a timely application. State ex rel. Lloyd v. Clayton, 34 Mo. App. 563; State ex rel. v. McCracken, 60 Mo. App. 650; yet the party is not required to resort to that

remedy but may allow the case to go to judgment before the justice and on appeal to the circuit court may, by motion in a proper case, have the case remanded with directions to set aside the judgment and grant the change of venue. [Endicott v. Hale, 61 Mo. App. 185; Baskowitz v. Guthrie, 99 Mo. App. 304, 73 S. W. 227.]

Did the facts in this case warrant the court in sending the case back to the justice witth directions to grant a change of venue? At the hearing of the motion no evidence was offered but it was passed upon merely from the recitals of the transcript of the justice. This transcript shows the account was filed and summons issued December 2, 1910 returnable December 15. December 15 parties appear, cause continued by consent to December 17. December 17 both parties appear in person and by attorney then the entry on that day proceeds as follows: "Cause being called for trial and witness sworn, defendant's attorney asks that further hearing of the cause be postponed on account of the absence of a material witness, who was attending court in Carthage, Mo., and cause is continued to December 30 for further hearing at 10 o'clock a. m." December 30, 1910. "Now on this day this cause is taken up for further hearing; . . . comes defendant in person, who moves the court to dismiss this cause for want of jurisdiction; motion overruled. Defendant offers affidavit for change of venue which is refused because it was not offered before trial was commenced and the justice after hearing all the evidence renders judgment in favor of the plaintiff. . . ."

The statutory provisions pertinent to this investigation are as follows: Sections 7481, Revised Statutes 1909, provides that either party to a civil cause pending before a justice of the peace shall be entitled to a change of venue. "If he shall, before the jury is sworn or the trial is commenced before the justice file

an affidavit; etc.'' Then follows the grounds upon which the change may be awarded.

Sec. 7482. ''That upon filing of the affidavit in due time the justice must allow the change of venue and note the fact in his docket.'' Then follows provision for the transmission of the case to some other justice or to some other township then the section closes as follows, ''*Provided* that when such affidavit for a change of venue shall be filed the justice shall have no further jurisdiction in the cause except to grant such change of venue.''

The first disagreement of opposing counsel is as to the effect of the entries in the justice docket of December 17 showing that a witness was sworn and cause then continued to December 30 for further hearing; and the entry of December 30 showing the filing of application for change of venue and its being overruled because not filed before the trial was commenced. Respondent contends that the entry of the justice showing that the trial had begun before the application for change of venue was filed is a mere conclusion of the justice and is not such an entry as the statute requires to be made and therefore is not binding upon the circuit court. This question is not important in this case for the justice did deny the application for a change of venue and the fact that he denied it is sufficient proof that in the judgment of the justice the trial had begun before the application was filed, therefore, the entry of his reason for denying it in this case adds no force to the order.

Appellant contends that the entry in the docket showing that a witness was sworn on December 17 and the case then continued for further hearing, is a proper docket entry. In this we think he is correct for it is merely a recital of the steps taken in the case and is proper as showing the condition of the case at the time the order for continuance to December 30 was made. This entry in the docket was justified under

section 7406, Statutes 1909, which after certain provisions says, "and in addition thereto the justice may enter any other proceedings had before him in the cause which he shall think is useful to enter in such docket." As long as the justice confines the entries in his docket to a correct recital of the proceedings before him, the entries are proper.

If section 7481 stood alone we should incline to the view that when a witness was sworn for the purpose of giving testimony in the cause the trial had commenced, though no testimony was taken; but when we construe this section in connection with section 7503 we are of the opinion that in a trial before a justice of the peace, the trial is not commenced when a witness is sworn merely, and the time for filing an application for change of venue does not expire until the taking of testimony has begun. Section 7503 provides, "before the justice shall commence an investigation of the merits of the cause by an examination of the witnesses or hearing of any other testimony, either party may demand that the cause be tried by a jury . . ." Section 7481 authorizing a change of venue in a justice court provides that the affidavit must be filed before the jury is sworn or the trial commenced before the justice. Under section 7503 a jury may be demanded after a witness is sworn if the call for the jury is made before any testimony is taken and if a jury is demanded, a change of venue may be secured if the affidavit is filed before the jury is sworn. If the party should have any doubt as to his right to file an affidavit for change of venue after a witness was sworn but before any testimony was taken, all he would have to do to avoid the question would be to demand a jury and then file his affidavit for change of venue before the jury were sworn. Our conclusion is that as to this question the trial was not begun by the swearing of a

witness but could only begin by a taking of testimony or swearing a jury if one were demanded.

This brings us to the question of the burden of proof and the effect of the justice transcript. As we construe the docket entries it is the same as if there was nothing there except the fact that defendant filed an application for change of venue and it was overruled. Contention is made that the filing of the application for change of venue ousts the justice of jurisdiction to proceed with the trial and all that he can do is to grant the change of venue. If the application was filed in time that is true by the express terms of the statute; but if it was not filed in time then it was the duty of the justice to overrule it. How are we to determine whether or not it was filed in time? It has been held that there are no presumptions indulged in favor of the jurisdiction of a justice of the peace in any cause and that the facts showing jurisdiction must affirmatively appear on the face of the proceedings. [Warden v. M. K. & T., 78 Mo. App. 664; State v. Sexton, 141 Mo. App. 694, 125 S. W. 519, and cases cited.] This applies to jurisdiction of the cause and in this case there is no question that the justice had jurisdiction of the cause and of the parties and we take it that when it is once shown that jurisdiction has attached, then, if it is claimed that jurisdiction has been lost, the party making the claim must support it by proof. Of course if the want of jurisdiction appears on the face of the proceedings the court can determine the question by inspection. Scientific American Club v. Horchitx, 128 Mo. App. 575, 106 S. W. 1117, but if the fact which ousts the justice of jurisdiction does not appear upon the face of the proceedings but depends upon some fact dehors the record, the party asserting want of jurisdiction based upon such fact must prove it. This was not done in this case. After the justice overruled the application for change of venue, the court could not presume that the ruling was

wrong when it may have been correct. We cannot presume that the presentation of the application for a change of venue was timely. It was upon this ques-tion that the right of respondent to a change of venue depended and as no proof was offered on that ques-tion, the court should have overruled the motion to re-mand to the justice.

Judgment reversed and cause remanded with di-rections to proceed to hear the case upon its merits. All concur.