STATE ex rel. HAZEL, et al., Respondent, v. GEORGE W. WATKINS, Appellant.

Springfield Court of Appeals, June 26, 1923.

1. **CRIMINAL LAW: Where Township Has Four Justices, and Three are Disqualified by Affidavit, Preliminary Should be Transferred to Fourth Justice.** Revised Statutes 1919, section 3775, provides for change of venue in misdemeanor cases to the "next nearest" justice in the township, if there be one, unless the "other" is disqualified by affidavit, in which event the change shall be to a justice in some other township in the county. Section 2688, passed prior to section 3775, provides for additional justices in townships containing incorporated towns having over 2,000 inhabitants. Section 3777 provides that the law as to misdemeanor cases shall apply to preliminary examinations in felony cases. Section 3759 provides that misdemeanor cases shall be commenced and prosecuted in the township where the offense was committed unless a change of venue is granted as provided by law. *Held,* in view of the history of the legislation on the subject, that, where a felony was committed in a township having four justices of the peace, and defendant's affidavit for a change of venue disqualified three of them for bias and prejudice, the case should have been transferred to the fourth justice in the township, and not to a justice in another township in the county.

2. **MANDAMUS: Justice of the Peace Compelled to Allow Change of Venue.** Mandamus is the proper remedy to compel a justice of the peace to allow a change of venue.

Appeal from Circuit Court of Pemiscot County.—*Hon. Sterling H. McCarty,* Judge.

AFFIRMED.

*Sam J. Corbett, M. O. Morris, Jas. R. Brewer, B. A. McKay* and *C. G. Shepard* for appellants.

(1)   Before respondents were entitled to a change of venue it was absolutely necessary that they comply with the provision of the statute under which a change of venue is granted.   Section 4982, R. S. 1909, provides that a change of venue may be granted where the proper affidavit is made and a part of the affidavit must be "as the defendant verily believes."   These all important words were not contained in the affidavit for change of venue filed before appellant, George W. Watkins. Huthsing v. Maus, 36 Mo. 107-108; State ex rel. v. Denton, 128 Mo. App. 312; State ex rel. v. O'Hallaron, 144 Mo. App. 574.   (2)   Section 4983, R. S. 1909, provides that if affidavit for change of venue be filed the justice must immediately transmit the original papers and transcript to the next nearest justice in the township if there be one, unless the party asking for change of venue shall in his affidavit state that the other justice in the township is disqualified, in which case he shall then send the case to a justice in some other township in the county. The statute provides for a change of venue from the justice before whom the proceeding is instituted and the next nearest justice and no other.   In the instant case respondents sought to include in their affidavit three justices which is one more than the law allows.   The statutes pertaining to change of venue are strictly construed and the party seeking the change must bring himself within the provisions of the statute or else the change will not be granted.   State ex rel. Wafford, 119 Mo. 408; Eudaley v. Railroad, 186 Mo. 403; Railroad v. Powell, 104 Mo. App. 367; State v. Hoffman, 75 Mo. App. 385;

State ex rel. O'Hallaron, 144 Mo. App. 570; Sanders v. Dickson, 114 Mo. App. 229; State ex rel. v. Denton, 128 Mo. App. 312. (3) Where the application for change of venue disqualifies more justices than the statute authorizes, the justice before whom the affidavit for change of venue is filed may treat that part of the affidavit as surplusage and award the change of venue as provided by law. State v. Dabbs, 118 Mo. App. 663; Sanders v. Dickson, 114 Mo. App. 229. (4) Had respondents been entitled to change of venue as prayed and had appellant erred in refusing to grant the change, then it was the duty of respondents before instituting their action in mandamus, to file a motion before the justice asking the justice to vacate his order awarding the change of venue to G. G. Bowen and award the change to W. W. Corbett, the justice before whom they desired to be tried. (5) The party applying for a mandamus must show not only that he has no other specific remedy, but that he has a specific right. State ex rel. Bartley v. Governor, 39 Mo. 401. (6) Mandamus will not issue where the complaining party has another adequate remedy at law. In the instant case, if the relators' petition is taken as true, then they had an adequate remedy either by appearing before Justice Bowen by motion to dismiss and if that motion was denied, they had an adequate remedy by *habeas corpus.* State v. Buhler, 90 Mo. 560; State v. Ross, 245 Mo. 36. (7) The party asking the writ of mandamus is the party holding the affirmative, and therefore has the burden in calling upon the court to issue its writ of mandamus he must show himself the possessor of a clear legal right to the remedy he seeks, and consequently if his evidence or his pleadings leave any essential point in doubt such doubt will be resolved against him and such remedy denied. Where the right is doubtful, mandatory action of the court cannot be successfully invoked. State v. Williams, 99 Mo. 291; State ex rel. Watkins v. Macon County Court, 68 Mo. 50; State ex rel. Bahannon v. Howard County, 39 Mo. 377.

*Everett Reeves, N. C. Hawkins* and *J. E. Duncan* for relators.

(1) We assert that under this statute a defendant may disqualify all or any less number of justices according to the number which any township may happen to have. Generally speaking, townships have but two justices of the peace, and this fact was probably the reason for the language found in the statute; but to construe the statute to mean that you could not disqualify more than two justices in townships containing more than two would do violence to the scope and purpose of the statute. Secs. 4983 & 7482, R. S. 1909; Pattison's Mo. Form Book (2 Ed.), sec. 1106; Guy v. Railway Co., 197 Mo. 174; State ex rel. v. O'Hallaron, 144 Mo. App. 570; State ex rel. v. O'Hallaron, 164 Mo. App. 626; State v. Dabbs, 118 Mo. App. 663. (2) Mandamus is the proper remedy in a case like this. When an affidavit for change of venue in due form and time has been filed with a justice of the peace there is nothing for the justice then to do but to grant the change in conformity with the affidavit. He has no discretion in the matter. The act granting the change is not a judicial one, but a ministerial duty. If the justice refuses to grant the change of venue in conformity with the affidavit and application for change of venue, mandamus is the proper remedy State ex rel. Lloyd v. Clayton, 34 Mo. App. 563; State ex rel. Schonhorst v. Cline, 85 Mo. App. 633; State v. Brumley, 53 Mo. App. 126; State ex rel. v. McCracken, 60 Mo. App. 650. (3) Where a justice of the peace enters a judgment in his docket which does not conform to the verdict of the jury in his court, the circuit court had authority by mandamus to require him to set aside his judgment and to enter a judgment in conformity with the verdict of the jury. State ex rel. v. Bidwell, 136 Mo. App. 503. (4) A writ of mandamus may be issued by the Supreme Court to the circuit court to require the circuit court to proceed to try a case on its merits al-

though the term of the circuit court has expired before the mandamus writ was issued. This is true even though the circuit court had already undertaken to decide and determine the case and the term of court had already elapsed; yet, the Supreme Court has the right and power by mandamus to direct the circuit court to re-instate the case and try it. State ex rel. v. Homer, 249 Mo. 58. (5) The circuit court can compel the county court by mandamus to vacate an order selling swamp lands. Dunklin County v. District County Court, 23 Mo. 449. (6) A superior court can direct an inferior court by mandamus to set aside the judgment which is entered without any authority of law. Franciscus v. Martin, 90 Mo. 196. (7) An inferior court can be required by mandamus to enter a judgment upon a confession of judgment. Vernon v. Boggs, 1 Mo. 117, 274. (8) The Supreme Court can direct the circuit court to reinstate a case in which it had quashed the proceedings. Castello v. Circuit Court, 28 Mo. 259. (9) The Supreme Court can by mandamus compel the circuit court to set aside an order granting a change of venue and to proceed and determine the cause. Ex parte Cox, 10 Mo. 743. (10) If the circuit court sets aside the verdict of the jury in a case twice for the same reason the Supreme Court will by mandamus direct the circuit court to enter a judgment in accordance with the second verdict. State ex rel. Adams, 76 Mo. 605. (11) The Supreme Court will direct the trial court by mandamus to reinstate a case and act upon a motion for judgment even though the trial court had already ordered the case to be dropped from the docket before the issuance of the writ of mandamus. State ex rel. v. Court of Common Pleas, 73 Mo. 560. (12) An election board can be required by mandamus to cast up and count the returns of an election even though the board had finally adjourned. State ex rel. v. Berg, 76 Mo. 136. (13) The Supreme Court will by mandamus compel the Court of Appeals to certify and transfer a case to the Supreme Court. State

ex rel. v. Phillips, 96 Mo. 570; Tobacco Co. v. Rombauer, 113 Mo. 435. (14) The Supreme Court will by mandamus require the Court of Appeals to reinstate a cause which had already been dismissed by the Court of Appeals. State ex rel. v. Phillipps, 97 Mo. 440. (15) A superior court never hesitates to require an inferior court by mandamus to reinstate and determine a cause which it had dismissed without any authority so to do. State ex rel. v. Smith, 105 Mo. 6. (16) The Supreme Court will by mandamus direct the trial court to proceed and try a case which the latter court had refused to try without legal excuse. State ex rel. v. Field, 107 Mo. 445. (17) The Supreme Court will by mandamus direct the trial court to determine a motion for new trial which the trial court has refused to pass upon. State ex rel. v. Stratton, 110 Mo. 426.

BRADLEY, J.—We transferred this cause to the Supreme Court on the ground, as we believed, that we had no jurisdiction. [State ex rel. Hazel et al. v. Watkins, 227 S. W. 1059.] The Supreme Court retransferred, holding that jurisdiction is here. [State ex rel. Hazel et al. v. Watkins, 245 S. W. 1059.]

The cause is in mandamus to compel a justice of the peace to grant a change of venue in a criminal case. The alternative writ was granted by the judge of the circuit court in vacation. Respondent below, appellant here, made return. To this return relators demurred. The demurrer was sustained and apellant refusing to further plead, peremptory writ issued, and respondent below appealed.

April 6, 1920, an affidavit was filed before appellant justice of the peace for a State warrant, in which affidavit relators were charged with a felony. The warrant issued, and relators were arrested, and gave bond for their appearance before appellant justice for preliminary hearing. In due time relators filed their affidavit for change of venue. In their affidavit for change of

venue relators charge that "they cannot have a fair and impartial trial before George W. Watkins, a justice of the peace, within and for Little Prairie Township, Pemiscot County, Missouri, because of said justice's bias and prejudice against these defendants. The above-named defendants further say that they cannot have a fair and impartial trial before J. C. Burrus and R. R. Ring, other justices within and for Little Prairie Township, Pemiscot County, Missouri, because of said justices' bias and prejudice against these defendants."

There were four justices of the peace in Little Prairie Township. The affidavit for a change of venue went against three of these justices. Unless a justice before whom the cause was pending sent it to the only remaining justice in the township not disqualified by the affidavit, then the cause, of necessity, would have gone out of the township. The justice before whom the cause was pending, appellant here, declined to send it to the only remaining not disqualified justice, but according to his return made an order granting the change of venue, and further ordered that the cause be sent to G. G. Bowen, a justice of the peace in Cooter Township. The return further recited that the orders made relative to the change of venue were made prior to the institution of this cause, and before the issuance or service of the alternative writ. It is further stated in the return that the files and transcript were being held by the justice pending the orders of the circuit court in the cause now here.

As we view this case we have two questions for disposition. (1) Will mandamus lie? (2) Under what is now section 3775, Revised Statutes 1919, should the cause have gone to the justice of the peace in Little Prairie Township not disqualified by the affidavit? We will dispose of these questions in the reverse order. The provision allowing one additional justice under what is now section 2688, Revised Statutes 1919, in case there is an incorporated town or city in the township, having

over 2000 inhabitants, was added in 1868, Laws 1868, p. 60. The five-mile provision was added in 1877. [Laws 1877, p. 282.] The statute allowing a change of venue from a justice of the peace was passed in 1879. [Sec. 2039 et seq., R. S. 1879.] It appears, therefore, that when the statute was passed allowing a change of venue 'from a justice of the peace that at that time there were provisions by which a township might have in it as many as four justices of the peace. Section 2042, Revised Statutes 1879, made the section applicable to change of venue in misdemeanors also applicable to change of venue in felony preliminaries, and such has been the law ever since. [See section 3777, Revised Statutes 1919.] Section 2039, Revised Statutes 1879, provided for the affidavit, etc., for the change. This section has remained without material change. Section 2040, Revised Statutes 1879, provided that if an affidavit be filed the change of venue must be allowed, and if against the justice that the justice must immediately transmit all of the original papers and a transcript of his docket entries "to the next nearest justice in the township." Under that statute a defendant could disqualify but one justice. This statute was amended in 1891. [Laws 1891, pp. 120-121.] The amended statute has remained unchanged, and is now section 3775, Revised Statutes 1919, and provides that if the affidavit be filed against the justice the change of venue must be allowed, and the justice must immediately transmit all the original ,papers and a transcript of his docket entries "to the next nearest justice in the township, if there be one, unless the party asking for a change of venue shall, in his affidavit," disqualify the *other* justice, "then to a justice in some other township in the county."

It is contended by appellant that the defendants could not disqualify more than two justices by their affidavit, viz., the justice before whom the cause was pending and the next nearest justice, and that the attempted disqualification of the third one should be con-

sidered as surplusage in the affidavit, and that under what is now section 3775 and the affidavit it was his plain duty to send the cause to a justice in some other township in the county. The return recites, and such allegation is admitted by the demurrer, that Burrus was the next nearest justice. The affidavit, therefore, disqualified the justice before whom the cause was pending, and also the next nearest justice, and attempted to disqualify a third justice.

It is undoubtedly the policy of the law to have a misdemeanor tried in the township, if before a justice of the peace, where the offense is committed. We are, it is true, dealing with change of venue question growing out of a charge for a felony, but as we have seen section 3777. Revised Statutes 1919, makes the law applicable to a change of venue in a misdemeanor before a justice of the peace, also applicable to a change of venue in a preliminary on a felony charge. Hence we shall, and should, proceed as if relators had been charged with a misdemeanor instead of a felony. Section 3759, Revised Statutes 1919, among other things, provides that all prosecutions before justices of the peace for misdemeanor shall be commenced and prosecuted in the township wherein the offense is alleged to have been committed, unless the cause goes out of the township on a change of venue as provided by law. If we adopt appellant's construction of section 3775 then if a defendant charged with a misdemeanor before a justice of the peace files an affidavit for a change of venue, and therein disqualifies the justice whom the cause is filed, and also disqualifies the next nearest justice, the cause would go to a justice in some other township in the country, although there may be a justice in the township and community that is not disqualified to try the cause. The law providing for additional justices in a township was enacted for the purpose, no doubt, of providing for the necessities of the more populous communities, and the communities remote from a justice of the peace; and also to provide for such township a sufficient number of justices of the peace to take care of the justice of the peace litigation arising therein. This

purpose, we think, should have some consideration in disposing of the question before us.

So far as we know the contemporaneous construction of section 3775, Revised Statutes 1919, since the amendment in 1891, has been as relators contend. That is, when there is a justice of the peace in the township not disqualified by an affidavit for a change of venue the cause will not be sent out of the township, but will be sent to a justice in the township who is not disqualified. We find no case construing section 3775, but the following cases lend some support to our construction. [Guy v. Railroad, 197 Mo. 174, 93 S. W. 940; State ex rel. v. O'Hallaron, 144 Mo. App. 570, 129 S. W. 227; Same Case, 160 Mo. App. 626, 140 S. W. 1198; State ex rel. v. Dabbs, 118 Mo. App. 663, 95 S. W. 275.] The O'Hallaron Case involved a question on an affidavit for a change of venue in a civil case from a justice of the peace in St. Louis. It was held that the general statutory law relating to changes of venue taken from justices of the peace of townships applied to changes of venue taken from justices of the peace in districts in St. Louis. The applicable section is now section 2805, Revised Statutes 1919. This section provides that upon filing the affidavit in due time the justice must allow the change and transmit the papers, etc., to some *convenient* justice in the township, "unless the party asking for the change of venue shall, in his affidavit, state that the *other* justice in the township" is disqualified, then to a justice in some other township in the county." About the only difference between section 2805, relating to a change of venue in a civil case, and section 3775, relating to a change of venue in misdemeanors and felony preliminaries, is that in section 3775 the expression *next nearest* is used, whereas in section 2805 the term *convenient* is used. Both use the term *other*. If the term *other* in the criminal section refers to *the next nearest justice,* then in the civil section the term *other* refers to *some convenient justice.* If we adopt appellant's con-

struction of section 3775, then the same construction could with equal reason be placed upon section 2805. If such construction be placed upon section 2805, and an affidavit for a change of venue in a civil cause were filed disqualifying the justice before whom the cause was pending, and *some convenient justice* in the township, then the cause would go out of the township, although there might be another not disqualified *convenient* justice in the township. So far as we know the contemporaneous construction of section 2805 Revised Statutes 1919, the civil section, has been that a cause is not sent out of the township when there is remaining in the township a justice not disqualified.

In State ex rel. v. O'Hallaron, supra, Judge Nixon, speaking for this court said: "Now, if respondent's contention, that because a justice of the peace is declared to have jurisdiction coextensive with the city he may therefore send a case on charge of venue to any justice in the city, shall be upheld as to the City of St. Louis, we see no reason why it should not apply to counties, and justices in townships would then be permitted to send a case on change of venue to any other justice in the county *even though there remained a qualified justice in the same township*." (Italics ours.)

Appellant's able counsel stand on the strict letter of the statute (Sec. 3775, R. S. 1919), and there is support therein for their contention; but when we take into consideration the contemporaneous construction; the policy of the law and the statute requiring that a misdemeanor, when prosecuted in a justice of the peace court, shall be in the township where it is alleged to have been committed, unless taken out on a change of venue; and also the object and purpose of the law providing for additional justices of the peace, we are of the opinion that the change of venue in the cause at bar should have gone to the remaining qualified justice in Little Prairie Township. A cause, in a justice of the peace court, civil or criminal in our opinion, cannot be sent out of the

township on change of venue, unless all the justices therein are disqualified or unless the affidavit goes against the inhabitants. Appellant argues that this construction would permit relators to select the forum. But such in effect would be the result in any township in the State where there are only two justices of the peace, and where a defendant in a criminal case filed an affidavit for a change of venue, and disqualified the justice before whom the cause was pending.

The order of appellant attempting to send the cause to G. G. Bowen, a justice of the peace of Cooter Township was a nullity, and the cause remains the same as if no order had been made. The cause stands in effect the same as if appellant had refused to allow the change of venue. In such case mandamus will lie. [State ex rel. v. Clayton, 34 Mo. App. 563; State ex rel. v. Mc-Cracken, 60 Mo. App. 650; Furniture Co. v. Craig, 160 Mo. App. 91, 141 S. W. 457.] The judgment below should be affirmed and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.